BELAVAL, DEMANDANTE Y APELADO, *v.* TODD, ALCALDE DE SAN JUAN, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso sobre *mandamus.*

MOCIÓN del demandante y apelado para que se desestime la apelación por no haberse presentado la transcripción de autos.

MOCIÓN oral del demandado y apelante en el acto de la vista en solicitud. de que se archive el caso por carecer de finalidad práctica.

No. 1259.—Resuelto en febrero 20, 1915.

REGLAS 40 Y 58 DE LA CORTE SUPREMA—PODER JUDICIAL.—Las reglas 40 y 58 de la Corte Suprema fueron ambas adoptadas por virtud del poder judicial conferido a la Corte por la Ley Orgánica y el Código de Enjuiciamiento Civil.

TRANSCRIPCIÓN DE AUTOS—TÉRMINO PARA RADICARLA.—Si bien no existe precepto alguno ni en el Código de Enjuiciamiento Civil ni en sus enmiendas, que fije el término dentro del cual debe presentarse en la Corte Suprema la transcripción de autos cuando no existe exposición del caso ni pliego de excepciones, debe aquélla radicarse dentro del término de treinta días que prescribe la sección 40 del Reglamento.

ID.—PRÓRROGA PARA PRESENTARLA—DISCRECIÓN JUDICIAL—JURISDICCIÓN—REGLAS 40 Y 58.—Las reglas 40 y 58 no agotan el poder de la corte y una vez que ha adquirido jurisdicción por razón de una apelación es completa la facultad que tiene para prorrogar el término para la presentación de la transcripción de autos, y no fué la intención de la legislatura al aprobar la Ley No. 70, de marzo 9, 1911, restringir esa facultad por el hecho de expresar que la transcripción de autos deberá ser presentada a la corte dentro de los treinta días después de aprobada la exposición del caso por el juez sentenciador.

REGLA 58 DE LA CORTE SUPREMA—PODER JUDICIAL.—Analizada la regla 58 demuestra que el poder que en ella se ejercita es en virtud de la facultad plena

que tiene la corte sobre los autos en aquellos casos en que ha adquirido juris-
dicción.

Transcripción de Autos—Prórroga Concedida Antes de Presentada una
  Moción para que se Desestime la Apelación.—Habiendo obtenido el ape-
  lante una prórroga del término para presentar la transcripción de autos
  antes de que se radicara una moción para que se desestimara la apelación, y
  habiéndose archivado los autos dentro del término fijado en dicha prórroga,
  *se resolvió:* que de acuerdo con los principios de un estricto procedimiento y
  de acuerdo con las reglas de la corte, la transcripción debía considerarse
  como presentada dentro de término.

Desestimación de Apelación—Exposición del Caso.—La falta de exposición
  del caso no es fundamento por sí solo suficiente para desestimar una ape-
  lación, puesto que ello no impide que la corte examine las alegaciones
  (*pleadings*).

Mandamus—Desestimación de Apelación—Falta de Finalidad Práctica del
  Recurso.—La cuestión de si debe o no desestimarse y archivarse una apela-
  ción en un recurso sobre *mandamus* por el fundamento de que éste no tendría
  eficacia alguna, no debe considerarse en una moción para que se desestime la
  apelación por no haberse presentado en tiempo la transcripción de autos, por-
  que ello envolvería realmente los méritos del caso.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Ramón Falcón* y *Adrián
Agosto.*

Abogados del apelado: *Sres. Eduardo Acuña* y *H. S.
Belaval.*

El Juez Asociado Sr. Wolf, emitió la opinión del tri-
bunal.

Es esta la segunda moción que se presenta en este caso
sobre desestimación de la apelación. La primera fué presen-
tada en noviembre 2, 1914, la vista de la cual se celebró en
noviembre 9 y fué resuelta en noviembre 16, *Belaval* v. *Todd,
Alcalde de San Juan,* 21 D. P. R., 441.

La primera moción se basó en la Regla 59 de esta corte
y la corte resolvió que no había prueba de mala fe de parte
del apelante ni tampoco prueba suficiente de falta de dili-
gencia, especialmente cuando la cuestión de tal falta de diligen-
cia había sido sometida a la corte de distrito y resuelta con-
tra lo alegado por el autor de la presente moción.

Algún tiempo después, a saber, el 20 de noviembre de
1914, el demandado en este caso presentó una solicitud para
que se expidiera un auto de *certiorari,* la cual fué vista ante

la corte en diciembre 3, 1914, y resuelta con verdadera rapi-
dez, teniendo en cuenta la importancia del caso, el 24 de di-
ciembre de 1914. *Belaval* v. *Córdova, Juez de Distrito, et al.*,
21 D. P. R., 537. Mientras el recurso de *certiorari* estaba
pendiente en esta corte, en diciembre 12, 1914, el apelante
alegó 'que había preparado y presentado a la Corte de Dis-
trito de San Juan el récord de la apelación, pero que el secre-
tario de esa corte no había podido certificar el récord a causa
de haber sido remitidos los autos originales a esta corte por
virtud del auto de *certiorari*. El apelante solicitó de la corte,
por tanto, que se le concediera una prórroga de veinte días
porque el término para presentar el récord estaba próximo
a expirar. En diciembre 14, 1914, la corte dictó una orden
por virtud de la cual el término para presentar la transcrip-
ción fué prorrogado por veinte días, a contar de diciembre
18, 1914. Dicha orden fué notificada al Sr. Falcón abogado
del apelante, y al Sr. Belaval, abogado del apelado, en diciem-
bre 15, 1914.

En diciembre 26, 1914, el apelado hizo su segunda moción
para desestimar la apelación, expresando en la misma que
en diciembre 24, 1914, esta corte había dictado resolución en
el recurso de *certiorari* anulando la prórroga concedida al
apelante por la Corte de Distrito de San Juan, para presen-
tar la exposición del caso.

El motivo en que se basa la segunda moción solicitando
la desestimación de la apelación es el de que, como la expo-
sición del caso había sido eliminada del récord, el caso de
*mandamus* quedaba como si la exposición del caso no se hu-
biera nunca presentado, y que, por tanto, el apelante estaba
en el deber de radicar la transcripción de autos dentro de
los treinta días, a contar desde la fecha de la apelación, ci-
tando la Regla 40 de esta corte y la opinión en el caso de
*Ciuró* v. *Ciuró*, 20 D. P. R., 38. El mandamiento de *certio-
rari* anuló una orden de la Corte de Distrito de San Juan
fechada en mayo 29, 1914. La expresada moción fué pre-
sentada en 26 de diciembre de 1914. El auto de *certiorari*

que fué finalmente expedido por esta corte hubiera podido
también haber sido concedido al apelado en cualquier tiempo
a contar de la fecha en que se dictó dicha orden por la Corte
de Distrito de San Juan, esto es, mayo 29, 1914. La regla
58 de esta corte dispone lo siguiente:

"Si la copia de los autos no fuere presentada dentro del término
prescrito, puede desestimarse la apelación al hacerse una moción en
tal sentido, previa notificación de la misma. Si la copia de los autos ha
sido presentada a la fecha en que se haga tal notificación, este hecho
constituirá una contestación eficaz a la referida moción aún en el
caso de que dicha copia no se hubiere presentado dentro del término
prescrito."

Esta regla, así como la regla 40 en que descansa el ape-
lado, fué adoptada como resultado del poder judicial con-
ferido a esta corte por la Ley Orgánica y por el Código de
Enjuiciamiento Civil aprobado por la Asamblea Legislativa
de Puerto Rico. Nada dispone el Código de Enjuiciamiento
Civil ni ninguna otra ley acerca de cuándo deberá radicarse
una apelación en esta corte en los casos en que no exista expo-
sición del caso ni pliego de excepciones. Las reglas 40 y
58 fueron ambas adoptadas en virtud del poder conferido a
esta corte para regular los casos sobre los cuales ha adqui-
rido jurisdicción por razón de una apelación de una corte
de distrito, pero estas reglas no encierran todo el poder de
la corte sobre las apelaciones una vez que la misma ha adqui-
rido jurisdicción. Con frecuencia hemos prorrogado el tér-
mino para presentar la transcripción de autos, tanto antes
como después de haber la Legislatura aprobado la Ley No.
70 de marzo 9, 1911, puesto que es completa la facultad que
tiene esta corte en los casos sobre los cuales ha adquirido
jurisdicción, y no fué la intención de la Legislatura restrin-
gir esa facultad para prorrogar por el hecho de expresar
que la transcripción de autos deberá ser presentada en esta
corte dentro de los treinta días después de aprobada la expo-
sición del caso por el juez sentenciador. Asimismo hemos
resuelto en varios casos que la regla 58 está aún en toda su

fuerza y vigor. *García* v. *The American Railroad Co. of Porto Rico,* 17 D. P. R., 949; *Hernández* v. *The American Railroad Co. of Porto Rico,* 17 D. P. R., 1225; y *Sucesores de José Martínez* v. *Tomás Dávila & Co.,* 17 D. P. R., 1008. Véase también. *Parker* v. *Oller,* 21 D. P. R., 448. Ahora bien, si esta corte puede adoptar una regla, como se ha resuelto que puede, que abarque casos en que la transcripción se ha radicado ya, a pesar de haber transcurrido más de treinta días después de haber expirado el término que determina la regla 40, tenemos también el mismo poder para prorrogar el tiempo para presentar una transcripción antes de que una moción para desestimar sea presentada por el apelado.

En diciembre 12, 1914, el apelante, bajo la impresión errónea de que él disponía aún de unos días para presentar la transcripción, solicitó de esta corte una prórroga para presentar tal transcripción. Su impresión errónea se basaba en la acción de la Corte de Distrito de San Juan al pretender prorrogar el término. Sea como fuere, en la fecha en que el apelante presentó la referida moción sobre prórroga no había ninguna moción pendiente solicitando la desestimación de la apelación y el *certiorari* no había sido aún resuelto. La moción sobre prórroga fué concedida a contar desde diciembre 18, habiendo expirado tal término en enero 7, 1915. En enero 6, 1915, la transcripción en este caso fué radicada en la corte. Aún cuando la transcripción fué archivada, como ha alegado el apelado, once días después de haberlo sido la moción sobre desestimación, sin embargo, la misma fué radicada dentro de los veinte días concedidos por esta corte. Ninguna solicitud se presentó a esta corte por el apelado para que se redujera el término o para que la corte reconsiderara su acción de diciembre 14. La orden prorrogando el término para presentar la transcripción quedó en vigor, y el récord, de acuerdo con los principios de un estricto procedimiento y de acuerdo con nuestras reglas, debe considerarse como presentado dentro de término.

Pero considerando la naturaleza peculiar de este caso, y considerando también que la Corte de Distrito de San Juan y, aparentemente, todos los abogados tenían la idea de que una orden prorrogando el término para presentar un pliego de excepciones hasta que las notas del taquígrafo fueran entregadas, era un perfecto y válido ejercicio de poder, hubiéramos nosotros ejercitado nuestro poder discrecional permitiendo que esta apelación quedara en pie. El caso fué de lo más extraordinario. No solamente todos los abogados en general, sino también los abogados del apelado estaban bajo la misma impresión que la corte de distrito, porque, como hemos dicho, el *certiorari* que fué finalmente expedido pudo haber sido obtenido en junio o julio de 1914, y ningún esfuerzo se hizo por el apelado para solicitar el *certiorari* hasta noviembre 20, 1914. La primera moción presentada para desestimar la apelación no estaba basada en los fundamentos del *certiorari,* pues todos estaban confiados en la práctica de esperar las notas taquigráficas, que ha sido la seguida durante años.

El apelado en su alegato pretende censurar a la corte por no haber resuelto la primera moción en su favor. Insiste, en lenguaje quejoso, en que la mala fe del apelante se ha comprobado, pues éste insiste ahora en que el *mandamus* se declare sin efecto. La actitud y lenguaje del apelado son muy poco respetuosos, y no debe ser esa la conducta observada por las partes o abogados que comparecen ante esta corte. No solamente en la moción original, sino también en la moción ahora pendiente ante la corte, el apelado ha dejado de mostrar la mala fe del apelante, y ha dejado de probar la falta de diligencia de dicho apelante. Por el contrario, el récord demuestra que el apelado pudo haber buscado algunos meses antes el remedio finalmente obtenido por medio del *certiorari.* No estamos convencidos de que el apelado en ningún tiempo agotara los remedios de que disponía, ya en esta corte o en la corte inferior. La misma soli-

citud hecha en la petición de *certiorari* pudo haber sido hecha
en la moción original, y tal moción pudo haber sido presen-
tada a esta corte en los meses de junio o julio.   El apelado
pudo siempre haber sostenido, y creemos que con éxito, que
la acción de la corte de distrito en su orden de mayo 29, 1914,
era nula y sin valor.   Los comentarios hechos por el apelado
están por consiguiente, fuera de tono.   Además, el apelado
no solamente ataca al apelante sin las debidas pruebas y
censura a la corte de una manera irrespetuosa, sino que los
comentarios en cuestión no tienen nada que ver con el asunto
ahora pendiente ante la corte, esto es, si la apelación debe
o no desestimarse porque el récord, como alega el apelado,
no fué presentado en tiempo.

Además de la moción del apelado, el apelante en el acto
de la vista hizo una moción oral para que se desestimara
y archivara el caso por el fundamento de que el *mandamus*
no tendría eficacia alguna.   No entraremos a considerar tal
cuestión porque ella envuelve realmente los méritos del caso.
Hemos resuelto frecuentemente que el dejar de presentar una
exposición del caso no impide que esta corte examine las ale-
gaciones (*pleadings*).   Los méritos de estas alegaciones pue-
den ser considerados después de una vista de todo el caso,
y las cuestiones envueltas en el mismo no pueden ser resuel-
tas de esta manera irregular y poco satisfactoria ..

Las mociones del apelado y del apelante deben ser deses-
timadas.

*Desestimadas ambas mociones.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y
Hutchison.

El Juez Presidente Sr. Hernández no formó parte del
tribunal en la vista de este caso.