Santini Fertilizer Co., demandante y apelante, *v.* Fernando, Petronila y Antonio González y Central Pasto Viejo, Inc., demandados y apelados.

No. 4464.—*Sometido:* Febrero 13, 1929. *Resuelto:* Junio 19, 1929.

*Luis Muñoz Morales* y *E. Rincón Plumey*, abogados de la apelante; *González Fagundo & González Jr., Arturo Aponte* y *Luis Pereyó Jr.*, abogados de los apelados.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

La Santini Fertilizer Co. entabló acción en cobro de dinero contra Fernando González en la Corte de Distrito de San Juan y embargó toda acción, derecho, participación, título e interés que el demandado pudiera tener un en predio de terreno (o de un condominio proindiviso de por mitad sobre el mismo) inscrito a nombre de la esposa del demandado Rosa Pedraza de González, y en 80 cuerdas de caña que allí crecían. Posteriormente la demandante dedujo pleito de *injunction* en la Corte de Distrito de Humacao contra Fernando González, Petronila González Pedraza, Antonio González y la Central Pasto Viejo Inc., para impedir el corte, arrastre y molienda de la caña en cuestión y para impedir que se le entregara el producido a Petronila González. La Corte de Distrito de Humacao expidió, y más tarde anuló una orden de *injunction* preliminar.

La moción solicitando que se anulara la orden de *injunction* preliminar (*restraining order*) parece que fué sometida por la prueba que las partes ya habían aducido, pero los autos ante nos no contienen exposición del caso o transcripción de la evidencia alguna. La confirmación o la desestimación del recurso estarían justificadas por ese solo fundamento, pero se ha sometido el caso por sus méritos, y dirimiremos las contenciones sobre las cuales se ha insistido más por los letrados de la apelante. En síntesis son que la corte inferior erró al considerar la cuestión de título sobre la caña, a falta de cualquier controversia respecto a este extremo, debido al hecho de que se dejó de probar que se hiciera alegación de propiedad en la Corte de Distrito de San Juan; que cierta escritura de enajenación de 54 cuerdas de caña fechada el 7 de febrero de 1927 otorgada por Josefa B. González, así como un contrato de refacción agrícola celebrado el 15 de

noviembre de 1926, no establecen el hecho de la propiedad, toda vez que se otorgaron después de haberse hecho el asiento en el registro de la propiedad el 7 de julio de 1926; que los casos de *Sucesión de Pérez* v. *Márquez,* 19 D.P.R. 727, *Martínez et al.* v. *Soto,* 32 D.P.R. 609 y *Trujillo Mercado* v. *Rodríguez,* 22 D.P.R. 132 citados por el juez de distrito no son aplicablés; que la corte inferior también erró al sostener que no se había alegado ni probado daño irreparable alguno.

██ Inferimos del alegato de la apelante que los querellados habían presentado en evidencia dos escrituras otorgadas en 1917 tendientes a demostrar que los terrenos embargados por la Santini Fertilizer Co. eran un bien privativo de la esposa, Rosa González, y que estas escrituras habían sido debidamente inscritas en el registro de la propiedad, después de haberse hecho una anotación preventiva de embargo, pero antes de que se instituyera el procedimiento de *injunction.* Por consiguiente, la propiedad embargada era inscribible a nombre de la esposa como privativa de ella, al tiempo de radicarse la petición de *injunction.* Esto era más que suficiente para destruir cualquier presunción respecto al carácter de gananciales de los bienes inmuebles ya inscritos a nombre de la esposa.

De una certificación en forma narrativa expedida a instancias del demandante por el Secretario de la Corte de Distrito de San Juan aparece que antes de que se radicara la petición de *injunction,* Rosa y Demetria Pedraza habían presentado en la Corte de Distrito de San Juan su reclamación como dueñas de las 161 cuerdas de terreno embargadas en la acción original. La caña en estado de crecimiento había sido embargada como parte del inmueble. La teoría del embargo fué que el demandado Fernando González tenía una participación en los terrenos inscritos a nombre de su esposa Rosa Pedraza. Esta teoría descansaba por completo en la presunción relativa al carácter ganancial de esos terrenos. El embargo no afectó el título de la consorte a sus bienes privativos, ni creó gravamen alguno sobre ellos.

Puede muy bien concebirse que Fernándo González haya tenido alguna participación en la caña que se cultivaba en la finca privativa de su esposa, pero el peso de la prueba recaía sobre la peticionaria en el procedimiento de *injunction* para demostrarlo. La presunción de que la caña era un bien ganancial se esfumó con la presunción respecto al carácter ganancial que tenía el terreno. Incumbía entonces a la peticionaria establecer algún otro fundamento para su remedio en equidad. Por tanto, la corte de distrito no erró al denegar el *injunction* y al anular la orden preliminar, ni al basar su actuación en los casos arriba citados.

También estamos de acuerdo con la conclusión del juez de distrito en cuanto a la ausencia de algo que demostrara la existencia de daños irreparables. Si en lo futuro esos terrenos resultaran ser bienes gananciales según alega la peticionaria, nada hay que demuestre que la participación del esposo en ellos no sería suficiente para satisfacer la sentencia en el pleito original. Ni hay nada que demuestre que los demandados en el procedimiento de *injunction* son insolventes o no puedan responder de daños y perjuicios en caso de que den malas cuentas de los bienes embargados o de su producido.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Aldrey está conforme con la sentencia.