SABAT, DEMANDANTE Y APELADO, *v.* VALERA ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa sobre tercería de bienes inmuebles e *injunciron.*

No. 1397.—Resuelto en junio 20, 1916.

INJUNCTION—TERCEROS—SUBASTA DE BIENES—PÉRDIDAS O DAÑOS DE CONSIDE- RACIÓN O IRREPARABLES—MULTIPLICIDAD DE PROCEDIMIENTOS.—La sección 16*a* agregada en 1908 a la Ley de 1907 sobre tercerías faculta al juez que conoce de la demanda para suspender mediante interdicto prohibitorio (*injunction*) la subasta de los bienes de acuerdo con la ley definiendo los *injuntions,* de 1906, pudiendo concederse este remedio según los casos 2.º y 6.º de la sección 3.ª de la ley, cuando de la petición o declaración jurada resultare que la comisión o continuación de los actos durante el litigio había de causar pérdidas o daños de consideración o irreparables a alguna de las partes y también cuando la restricción fuere necesaria para impedir una multiplicidad de procedimientos judiciales.

ID.—HECHOS SUFICIENTES—FINCA EN POSESIÓN DEL PETICIONARIO—VENTA POR

EL DEMANDADO—GRAVES PERJUICIOS.—Son hechos bastantes para decretar mediante *injunction* la prohibición de venta de cierta finca que intenta el demandado hasta que se decida quién es el verdadero dueño de ella, que el peticionario tiene un título de la finca en cuestión, de la cual está en posesión, y que el demandado trata de venderla como propiedad de otra persona, lo que le ocasionaría graves perjuicios porque le privaría de sus rentas, paralizaría sus negocios agotando una de sus fuentes de ingreso, como lo es la mencionada finca, y que se vería obligado a entablar una multitud de acciones hasta lograr que su derecho pudiera prevalecer.

ID.—DISTINCIÓN ENTRE ESTE CASO Y EL DE SUCESIÓN TORRES *v.* MÁRQUEZ, 19 D. P. R. 726.—Distinguiendo este caso del de *Sucesión Pérez v. Márquez,* 19 D. P. R. 726, se resolvió que si bien en aquél se confirmó la resolución que negó la expedición del auto de *injunction* fué porque se demostró que la parte peticionaria no estaba en posesión de la finca como alegaba, sino la parte contraria, y, por tanto, no se le podía prohibir que ejecutara actos de posesión, mientras que en el presente caso el peticionario está en posesión de la finca.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Eduardo Flores Colón.*

Abogado del apelado: *Sr. José Q. Torres Sallaberry.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Antonio Sabat Carattini adquirió por adjudicación en pleito que siguió contra Gregoria Rivera la propiedad de una casa en la calle de la Unión de Salinas. Posteriormente fué embargada y anunciada la venta de esa casa en pleito que sigue Enrique Valera contra Venancio López, esposo de Gregoria Rivera, y en tal situación presentó Sabat Carattini en el Tribunal de Distrito de Ponce demanda jurada de tercería contra Valera y contra López solicitando además que mientras se resolvía y para evitar la venta y pleitos posteriores se dictase una orden de *injunction* provisional que fué decretado después de haber sido oídas las partes y de presentarse prueba documental y declaraciones juradas (*affidavits*) tendentes a probar, la de Sabat Carattini, que la finca fué adquirida por Gregoria Rivera antes de su matrimonio con Venancio López, y la de éste, que le pertenece la casa en cuestión.

Contra la orden que decretó el *injunction* provisional es

que se estableció este recurso de apelación por los deman-
dados.

El primer error que los apelantes atribuyen al tribunal
*a quo* es que dictó la orden de comparecencia para mostrar
causa para que no se decretara el *injunction* preliminar y
que lo decretó sin tener ante sí hechos que justificaran el
ejercicio de su jurisdicción.

Como hemos consignado antes, siendo una demanda de
tercería se trata con ella de obtener la declaración de que
la finca pertenece en propiedad al demandante, y no a Ve-
nancio López, a los efectos de que no pueda hacerla vender
Enrique Valera para ejecutar sentencia que obtuvo contra
López.   La demanda está jurada y expone que Valera trata
de ejecutar su sentencia contra López estando fijado día para
la venta de dicha casa, que si se vendiera se le ocasionarían
graves perjuicios porque le privaría de sus rentas, parali-
zaría sus negocios, agotando una de sus fuentes de ingresos,
como lo es la mencionada finca, y que se vería obligado a
entablar una multitud de acciones hasta lograr que su derecho
pudiera prevalecer.

Esos hechos justificaron el ejercicio de la jurisdicción del
tribunal que conoce de la demanda de tercería porque la sec-
ción 16 (*a*), agregada en 1908 a la ley de 1907 sobre tercerías,
faculta a los jueces que conocen de ellas para suspender me-
diante interdicto prohibitorio (*injunction*) la subasta de los
bienes de acuerdo con la ley definiendo los *injunctions* de
1906; y en la sección 3 de esta ley figuran los casos 2 y 6
según los cuales puede concederse el *injunction* cuando de la
petición o declaración jurada resultare que la comisión o
continuación de algún acto, durante el litigio, habrá de causar
pérdida o daños de consideración o irreparables a alguna de
las partes, y también cuando la restricción fuere necesaria
para impedir una multiplicidad de procedimientos judiciales.
La petición claramente está comprendida en el primero de
estos casos y puede también estimarse comprendida en el
segundo, pues si bien la alegación respecto a multiplicidad

de acciones es algo incierta porque no expone cuáles son los procedimientos que pueden surgir, sin embargo, podemos ver que si otra persona comprare la casa en la subasta tendría el tercerista que establecer también pleito contra ella.

En cuanto a la orden decretando el *injunction* no existe error en su expedición porque la prueba demostró que Sabat Carattini tiene un título de la finca en cuestión y que Valera trata de venderla como de la propiedad de López, hechos que con los otros alegados son bastantes para decretar la prohibición de la venta que intenta Valera hasta que se decida en el pleito quién es el verdadero dueño de ella. La prueba sobre este último extremo es más propia del juicio de tercería que de la petición incidental de *injunction* provisional por cuanto lo único que éste resuelve es que las cosas queden *in statu quo* hasta que se resuelva a quién pertenece la casa discutida.

El otro error que se alega es que estando en litigio el título de propiedad de la casa en cuestión el tribunal abusó de su discreción al conceder el *injunction*.

El único argumento en apoyo de esa proposición es la cita que se hace del caso de *Sucesión Pérez v. Márquez*, 19 D. P. R. 726 que es distinto del presente pues si en él se confirmó la resolución que negó la expedición del auto fué porque se demostró que la parte peticionaria no estaba en posesión de la finca como alegaba, sino la parte contraria y, por tanto, no se le podía prohibir que ejecutara actos de posesión.

La resolución apelada debe ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.