Hijos de J. Bird León, Demandantes y Apelados *v.* Luiña, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre *injunction.*

No. 1638.—Resuelto en julio 20, 1917.

Injunction—Demanda Suficiente—Servidumbre de Paso—Inscripción en el Registro.—No es necesario que se alegue en una demanda de *injunction* para que se respete una servidumbre de paso sobre la finca que en arrendamiento posee el demandado, que el derecho del demandante consta inscrito en el registro, si se consignan en ella otros hechos demostrativos de su existencia.

Servidumbre de Paso—Otra Salida del Predio Dominante.—El hecho de que el predio dominante tenga otra salida para la conducción de sus productos sin necesidad de pasar por el predio sirviente, no es obstáculo para que el dueño del predio dominante continúe pasando por el predio sirviente, si tal derecho le fué debidamente concedido por el dueño del último.

Arrendamiento—Carga o Gravámenes—Tercero—Servidumbre de Paso.—La circunstancia de que en un contrato de arrendamiento de finca rústica se consigne que sobre la finca arrendada no pesa carga ni gravamen alguno, no

hace del arrendatario un tercero a los efectos del reconocimiento de una ser-
vidumbre de paso impuesta a dicha finca por el dueño de ella, tanto más
cuanto como en este caso consta claramente del registro la existencia de la
servidumbre.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Antonio R. Barceló.*

Abogado del apelante: *Sr. Juan Gregory.*

El Juez Asociado Sr. del Toro, emitió la opinión del tri-
bunal.

Hijos de J. Bird y León, una sociedad regular colectiva
con domicilio en Fajardo, entabló una demanda de *injunction*
contra Constantino Luiña, a los efectos de obligarle a respe-
tar cierta servidumbre de paso existente a favor de una finca
de la sociedad demandante sobre otra finca que tenía arren-
dada Luiña. Luiña reconoció que había impedido el paso,
pero alegó que si así había actuado, se debía a que en realidad
no existía la servidumbre. Se celebró el juicio; ambas partes
practicaron sus pruebas y la corte decidió el pleito en favor
de los demandantes. El demandado entonces interpuso el
presente recurso de apelación.

El alegato de la parte apelante es largo y confuso. Puede
deducirse de él que se señala la comisión de los siguientes
errores:

1, Que no procede un *injunction* para pedir que se deje
expedito un camino, cuando de la faz de la petición no aparece
el derecho del predio dominante inscrito; 2, que no puede
prosperar una petición de *injunction* en la cual no se especi-
fican con absoluta claridad los daños y perjuicios; 3, que la
prueba del título de la servidumbre fué insuficiente; 4, que
el *injunction* no procedía porque se demostró la existencia de
otro camino; 5, que no se probó la identidad del predio do-
minante, y 6, que el demandado es tercero.

1. No es necesario que el derecho del demandante aparezca
inscrito en el registro, si se alegan en la demanda hechos su-
ficientes demostrativos de su existencia. Además, en este
caso si bien no se inscribió la servidumbre de la manera pres-

crita en la Ley Hipotecaria, es lo cierto que de los libros del registro consta de modo tan claro la realidad del gravamen, que no obstante lo en contrario consignado por el registrador en uno de los asientos relativos a la finca, nadie puede llamarse a engaño.

El mismo demandado presentó como prueba una certificación expedida por el Registrador de Humacao de la cual aparece que en 3 de julio de 1878 don Federico Guzmán vendió una finca de 28 cuerdas a don José Antonio Arrieta, consignándose en la escritura de venta y en su inscripción en el registro lo que sigue: "Verificada la venta de dicho terreno con todas sus entradas, salidas, usos, costumbres, derechos y servidumbres entre los que reconoce el comprador Arrieta, con especialidad, la del camino que sobre el terreno comprado y lugar del matadero tiene su vendedor Guzmán para las entradas y salidas de su estancia, y que en todo tiempo se obliga a respetar."

En seis de julio de 1898 Arrieta vendió la finca a Doña Diorata Cestary. En la escritura se expresó lo que sigue: "*Cargas.* Del título exhibido y manifestación expresa del vendedor la finca descrita se halla afecta a una servidumbre de paso o camino, por el sitio denominado matadero que el Sr. Guzmán se reservó al venderla, con objeto de dar entrada y salida a otra finca contigua, * * *." La escritura se inscribió en el registro, en el que antes se había inscrito otra de hipoteca. Al hacerse la inscripción de la hipoteca, que fué la segunda relativa a la finca, no obstante referirse el registrador expresamente a la primera inscripción para decir que de ella constaban la descripción, linderos y *demás circunstancias*, expresó lo que sigue: "No aparece afecta a carga alguna."

La finca de 23 cuerdas la tiene en la actualidad el demandado arrendada. La finca contigua de que se trata pertenece a los demandantes.

2. Realmente la alegación de perjuicios irreparables debió hacerse con mayor claridad. Pero atendidas las circuns-

tancias concurrentes, esto es, una servidumbre de paso de antiguo constituída, cerrada por el arrendatario del predio sirviente, obstaculizando así de modo inmediato los servicios del predio dominante, creemos que no debe por este motivo, dejarse sin efecto la obra ya realizada por la corte de distrito.

3. La prueba es suficiente a nuestro juicio. Además de lo consignado expresamente en la documentación relativa al predio sirviente y en las inscripciones de la misma en el registro, se presentó una amplia prueba testifical para demostrar que la servidumbre existía de muy antiguo. Entre los testigos que declararon está don Pedro Blanco, esposo de la dueña del predio sirviente, que reconoció sin vacilación de ninguna especie, la realidad de la servidumbre. Debe aclararse bien que no es la dueña de la finca la que niega la servidumbre. Es el arrendatario.

4. La prueba del demandado tendió a demostrar que la finca de los demandantes tenía otra salida para ir al pueblo. Parece que es así en efecto. Dando un rodeo y pasando por un camino vecinal podrían conducir los demandantes los productos de su finca al pueblo de Fajardo sin necesidad de pasar por la finca que tiene arrendada el demandado. Pero esto no empece para que los demandantes pidan el reconocimiento de su derecho que fué consignado en un documento público desde 1878 e inscrito en el registro de la propiedad.

5. Hemos examinado la prueba y de toda ella en conjunto se puede concluir que la finca de que actualmente son dueños los demandantes, es la finca contigua a que se refería la escritura de 1878.

6. El demandado no es tercero por el hecho de que en el contrato de arrendamiento se consignara que sobre la finca arrendada no pesaban cargas ni gravámenes. El es un simple arrendatario, apareciendo, además, clara del registro la existencia de la servidumbre.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández no intervino en la resolución de este caso.