ALONSO, DEMANDANTE Y APELADO, *v.* MADERA ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Primer Distrito, en procedimiento de *injunction.*

No. 2759.—Resuelto en febrero 1, 1924.

*Injunction*—JURISDICCIÓN DE EQUIDAD.—La doctrina de que cuando hay envuelto un derecho o título éste debe establecerse en una corte de ley antes de que pueda expedirse un *injunction,* no es aplicable, sin embargo, a todos los casos en que se solicita una orden preliminar de *injunction.*   También puede observarse en relación con esto que si bien bajo el anterior sistema de jurisprudencia, en el cual se concedía el remedio en equidad por un tribunal diferente y un procedimiento distinto a aquellos por los cuales se concedía un remedio en ley, las cortes de equidad a veces se han negado a intervenir antes de que el derecho fuera establecido en ley, no parece existir una buena razón bajo el actual sistema, en Estados que se rigen por códigos y en que ambos sistemas están combinados, para que no deba concederse tal remedio originalmente mediante *injunction,* y así ha sido resuelto.

ID.—ALEGACIONES—DAÑOS IRREPARABLES—DEMANDA SUFICIENTE.—Se resolvió en este caso que la demanda contiene alegaciones suficientes (véase la opinión) de daño irreparable en el sentido de que no puede ser apreciado con certeza ni debidamente compensado por cualquiera indemnización que pudiera recobrarse en un pleito en ley.

*Injunction* PRELIMINAR QUE NO ES MANDATORIO.—No disponiendo la orden preli-

minar de *injunction* concedida a Javier *Alonso Riera,* demandante, que la demandada *Alonso Riera y Cía., Inc.* se disuelva o que sean enmendadas las cláusulas de incorporación para cambiar su nombre o que descontinúe sus negocios, sino que se abstenga de usar el apellido Alonso Riera, pendiente de una decisión definitiva, no puede concluirse que el *injunction* es mandatorio, ni que extrañara una resolución final del caso por sus méritos.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. J. Texidor y R. Martínez Alvarez.*

Abogados del apelado: *Sres. Soto Gras & Siaca.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

Jaime Pizá y Leopoldo Santiago apelan de una orden preliminar dictada en un caso de *injunction* perpetuo después de una comparecencia por virtud de una orden para mostrar causa, la cual orden preliminar les prohibía en unión de otros demandados que mientras no se resolvieran finalmente las cuestiones en controversia se abstuvieran de usar los apellidos de ''Alonso Riera'' como parte del nombre de la corporación ''Alonso Riera & Co., Inc.,'' así como en sus cartas, sobres y circulares o en alguna otra forma que ya directa o indirectamente pueda dar lugar a confusión entre el nombre de dicha corporación y el del negocio que ya tiene establecido el demandante Javier Alonso Riera.

En el caso de *Alonso Riera & Co., Inc.,* v. *Campillo, Juez de Distrito,* 30 D. P. R. 297, en el que dicha corporación acudió a esta corte en solicitud de un auto inhibitorio y al cual nos remitimos en pro de la brevedad para la mejor comprensión de los hechos envueltos en el presente caso, citamos lo suficiente de las alegaciones, declaraciones juradas y prueba documental para mostrar de un modo general lo que el juez sentenciador tuvo ante sí al expedir la orden preliminar.

En este caso insisten ahora los apelantes en que:

''1. La Corte de Distrito de San Juan, Primer Distrito, erró al ejercer jurisdicción de equidad, en un caso en el que no tenía tal

jurisdicción, por no existir hechos que lo determinaran, y porque el demandante tenía remedio en ley.

"2. La corte erró al decretar este *injunction,* sin que se hubieran alegado daños ciertos, y sí sólo posibles, imaginarios o especulativos.

"3. La corte erró al decretar el *injunction* en un caso ·en que no se alegan, ni se prueban, daños irreparables que no tengan compensación por vía de indemnización.

"4.—La corte erró al decretar un *injunction* preliminar que tiene el carácter de mandatorio, en un caso en que tal resolución envuelve la decisión del pleito.

"5.—La corte erró al resolver por medio de un *injunction* preliminar cuestiones de hecho y de derecho que se hallan pendientes de juicio, sin que las partes hayan tenido oportunidad de probar hechos y discutir puntos de ley."

Los apelantes dicen que en cuanto a ellos los hechos alegados no darían derecho al demandante a remedio alguno en una corte de equidad:

"1. Porque se refieren a personas, actos, contratos y relaciones jurídicas extrañas a los apelantes.

"2. Porque no tienen relación con la incorporación de 'Alonso Riera & Co. Incorporated,' al menos los reseñados bajo las letras A a H.

"3. Porque para presentarlos, se han hecho por el demandante afirmaciones de derecho, que sólo puede hacerlas una corte o tribunal competente; como la de ser nulo el pacto sobre uso del nombre social, y la de hallarse disuelta la sociedad 'Alonso Riera y Co.;' y tales afirmaciones no pasan de ser conclusiones legales no autorizadas por un tribunal, ni por declaraciones o admisiones de los interesados en los actos y contratos a que se refieren."

Es verdad que la demanda· deja mucho que desear en cuanto a cualquier relación entre los aquí apelantes y las actividades que se imputan a Herminio Madera. En ella se alega, sin embargo, que Madera, con el fin de burlar la resolución que en su día se dictase en el procedimiento de *injunction* pendiente "consiguió maliciosamente" que los apelantes en unión de otras personas apellidadas "Riera" y "Alonso," respectivamente, "entrasen a formar parte como incorporadores" de la nueva corporación; que dichos Riera

y Alonso habían sido "hechos figurar por el demandado Her-
minio Madera como incorporadores sola y exclusivamente
para poder hacer uso de sus apellidos en el nombre de dicha
nueva corporación;" y que en los anuncios en la prensa se
publicaron los nombres de dichos incorporadores, incluyendo
a los apelantes, sin que figurara o esté relacionado en forma
alguna el dicho Madera, todo lo cual venía a aumentar la
confusión reinante al añadir aparentemente a las ya exis-.
tentes una nueva entidad en la que figuran los apellidos de
Alonso Riera.

Interpretando estas alegaciones según su propio contexto
la inferencia natural es que los apelantes no eran los verda-
deros incorporadores sino meras figuras decorativas o pan-
tallas utilizadas por Madera como medio para llevar a cabo
el plan que, en esta forma, también se alegó "había sido re-
cientemente llevado a cabo."

Si los apelantes eran en verdad incorporadores de buena
fe, sin tener participación consciente en el verdadero propó-
sito para el cual se alega que fué organizada la corporación,
una simple negativa de semejante conexión, y aun una de-
claración jurada exponiendo los hechos, como la de Mariano
Riera Palmer, podría haberles evitado cualquiera otra mo-
lestia o inconveniencia con motivo de la controversia entre
el demandante y Madera.

Puede ser que el demandante esté impedido de negar la
validez de su convenio, al retirarse de la mercantil Alonso
Riera y Co., de que la mercantil pudiera seguir usando el
nombre de la firma durante todo el término social o durante
cualquier prórroga del mismo. La alegación de que la mer-
cantil ha dejado de existir puede ser una conclusión de de-
recho, pero en la demanda también se alegaba el hecho en
que se fundaba esa conclusión, o sea, la adquisición por
parte de Madera de toda la participación perteneciente al
único otro socio restante después del retiro del demandante
y de su hermano de la referida sociedad.

En el alegato de los apelantes parece más bien asumirse que demostrarse .que tal adquisición por un solo socio no traía necesariamente por consecuencia la disolución de la sociedad. Mucho se ha insistido en la cuestión de que no se expediría un *injunction* para proteger un derecho dudoso o disputado.

"La doctrina de que cuando hay envuelto un derecho o título éste debe establecerse en una corte de ley antes de que pueda expedirse un *injunction,* no es aplicable, sin embargo, a todos los casos en que se solicita una orden preliminar de *injunction.* Tam-.bién puede ocurrir que en tal situación exista la amenaza de un daño irreparable y en ese caso la corte puede conceder un remedio por *injunction,* no obstante haber una controversia de títulos, y, habiendo asumido jurisdicción por ese fundamento, puede, según se ha resuelto, proceder a resolver sobre los derechos de las partes, aun cuando esto envuelva una determinación sobre la cuestión de título. También puede obtenerse un remedio en equidad antes de que el demandante haya establecido. sus derechos en ley, cuando los Lechos esenciales de los cuales deriva su derecho han sido admitidos; y cuando habiendo una duda respecto a sus derechos ésta es una duda legal solamente. También puede observarse en relación con esto que si bien bajo el anterior sistema de jurisprudencia, en el cual se concedía el remedio en equidad por un tribunal diferente y un procedimiento distinto a aquellos por los cuales se concedía un remedio en ley, las cortes de equidad a veces se han negado a intervenir antes de que el derecho fuera establecido en ley, no pa-rece existir una buena razón bajo el actual sistema, en estados que se rigen por códigos y en que ambos sistemas están combinados, para que no deba concederse tal remedio ·originalmente mediante *injunction,* y así ha sido resuelto." 14 R. C. L. p. 356, sección 58.

En nuestra consideración de la solicitud de la corporación pidiendo un auto inhibitorio, indicamos que una corte de equidad en un caso adecuado puede pasar por alto la distinción que existe entre una corporación como entidad legal y sus accionistas. El razonamiento bajo el primer señalamiento, en tanto se funda en la teoría de que un certificado de incorporación releva a los incorporadores de toda res-

ponsabilidad por los actos subsiguientes de la corporación, pasa por alto enteramente la indicación a que se acaba de hacer referencia. Aunque puede haber alguna duda respecto a si los hechos alegados en la demanda son suficientes para hacer caer el presente caso dentro de la excepción a la regla general, se presume que la resolución de la corte inferior es correcta y la mera insistencia en esa regla no establece la proposición de que la demanda no presenta aspecto alguno de equidad.

Las alegaciones respecto al actual estado de confusión debido al uso continuado por parte de Madera del nombre de la firma "Alonso Riera & Co." después de la disolución de dicha sociedad, y en cuanto al efecto de tal confusión en el negocio del demandante, eran bastantes para demostrar un daño que es irreparable en el sentido de que no puede ser apreciado con certeza ni debidamente compensado por cualquier indemnización que pudiera recobrarse en un pleito en ley. Apenas era necesario agregar que el uso continuado de la misma razón social, con la palabra "incorporated" agregada a ella produciría el mismo resultado.

Tampoco podemos convenir con los apelantes en que de una mera lectura de la demanda y de su súplica puede verse el carácter mandatorio del *injunction* expedido. La orden, que sigue la fraseología de la súplica, no dispone la disolución de la corporación ni ordena a los apelantes enmendar las cláusulas de incorporación para cambiar el nombre. Tampoco ordena a los apelantes no continuar haciendo negocios, por la sencilla razón de que la corporación no había empezado a hacer negocios. Los apelantes no fueron obligados afirmativamente "a declinar la posición" en que ellos se encontraban y en la que tenían "derecho a sostenerse." Si Madera no tenía derecho a usar la razón social "Alonso Riera & Co.," él carecía de poder para conferir ese derecho a la corporación. Y, aparte de cualquier relación con Madera y sus planes, los apelantes esta-

ban dentro del espíritu si no dentro de la letra del estatuto que prohibe la adopción de algún nombre ''ya en uso por otra corporación, o tan parecido a éste que pudiera dar lugar a confusión o incertidumbre.''

Ni tampoco anticipó la corte una resolución final del caso por sus méritos. El efecto de la orden preliminar era mantener el *statu quo,* mientras se dictaba tal decisión final, mediante la evitación del inminente establecimiento de otra sociedad para hacer negocios bajo el mismo nombre ya en litigio en dos pleitos separados, el segundo de los cuales ya se había hecho necesario, según parece, debido a la omisión de tomar alguna medida de precaución semejante en el primero.

Se dejó un término de ocho días entre la fecha de la orden para mostrar causa y el día fijado para la vista. En la vista los demandados anunciaron que estaban listos para el acto. Después de la presentación de *affidavits* y *contra-affidavits* la vista fué suspendida y se continuó después de transcurrido otros ocho días. En la segunda vista los demandados volvieron a anunciar que estaban listos para el acto. El récord taquigráfico de estas dos vistas, que comprende copias de los *affidavits* y la prueba documental presentada, cubre 57 páginas de los autos. El caso en apelación contra la orden concediendo el auto preliminar fué sometido catorce meses después de la segunda de las dos vistas a que acabamos de hacer referencia. Si el caso fué o no resuelto por sus méritos en el entretanto, y si no por qué no lo fué, es cosa que no consta.

La mercantil Alonso Riera & Co. fué organizada en el año 1912 con un capital de $3,500. Dos años después fué reorganizada con un capital de $58,844, distribuídos en esta forma:

| | |
|---|---:|
| Enrique Alonso Riera | $18, 860 |
| Herminio Madera | 15, 368 |
| Manuel Alvarez Rivera | 13, 488 |
| Javier Alonso Riera | 11, 128 |

Al año siguiente Madera y Alvarez adquirieron la participación de los hermanos Riera. Más tarde Alvarez vendió su participación a Madera, cuya declaración jurada acredita que el volumen de negocios realizados bajo la razón social durante el mes anterior a la vista ascendió a más de $10,000.

En otra declaración jurada expresa Madera que su objeto al fomentar la nueva corporación era "ampliar sus negocios e incorporar a este negocio el de la mercantil Alonso Riera & Co." En otro *affidavit* expresa él que también era su propósito que el negocio de la corporación absorbiese el de otra firma constituída anteriormente bajo el nombre de Madera Hermanos.

Un *affidavit* del apelante Pizá expresa que el capital pagado de la corporación era $1,300, pero no da los nombres de los accionistas. La misma declaración expresa un total de $15,000 de capital suscrito, con una lista parcial de diez suscribientes que no comprende el nombre de ninguno de los demandados en este caso ni indica el importe del capital suscrito por todas o algunas de las personas mencionadas. Ni tampoco revelan los autos cuál sea el verdadero interés que tengan en la corporación los apelantes o alguno de ellos, si es que alguno tienen. No es cuestión que tengamos que discutir si, de haber una completa demostración sobre este punto, sería o no aplicable la máxima de *minimis non curat lex.*

Es justo que digamos que no estamos profundamente impresionados con la demostración que se ha hecho respecto a la necesidad de una orden preliminar de *injunction.* Por otra parte, el apelado no ha comparecido ante esta corte, ni por alegato ni en el acto de la vista, y puede ser que algunos pormenores de la situación se hayan escapado a nuestra observación. De todos modos, no encontramos tal abuso de discreción por parte del juez sentenciador que justifique

una revocación, y por tanto debe confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.