Julio N. Chardón, demandante y apelado, v. Carlos Laffaye, demandado y apelante.

No. 5041.—*Sometido:* Enero 16, 1931. *Resuelto:* Junio 15, 1932.

*Diego O. Marrero,* abogado del apelante; *R. Castro Fernández,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Esta apelación ha sido interpuesta contra resolución de la corte inferior que prohibió al apelante, mientras se resolviese el *injunction* definitivo solicitado, que usara para su benefico particular una bomba perteneciente a una sociedad en liquidación de la que él forma parte.

La petición de *injunction* alegó en este caso, substancialmente, que Julio N. Chardón y Carlos Laffaye constituyeron una sociedad industrial profesional a la que ambos socios aportaron $20,000 por partes iguales: que esa sociedad compró una bomba turbina marca "Sterling" para pozos profundos para instalarla en uno de los cuatro pozos profundos cavados en Hato Rey, Río Piedras, por dicha sociedad en cumplimiento de un contrato que concertó con el municipio de San Juan para suministrarle agua para la ciudad en un número convenido de galones de agua por minuto, habiendo sido instalada dicha bomba en el pozo No. 3 y la cabeza de la misma en el No. 2, de los cuatro antes mencionados: que dichos pozos profundos no han sido entregados definitivamente al municipio de San Juan: que la sociedad ha sido disuelta de mutuo acuerdo, estando en liquidación: que esa bomba es propiedad del peticionario y del demandado en común pro indiviso como resultado de la disolución de la sociedad: que el demandado Laffaye sin el consentimiento del peticionario está removiendo la expresada bomba para trasladarla a Bayamón con el objeto de instalarla en un pozo profundo que el demandado personalmente y por cuenta propia contrató con el municipio de Bayamón, en donde al instalarla tendrá que alterar dicha bomba, que es de instalación definitiva solamente, para usarla como bomba de prueba, por

lo que sufrirá grandemente y depreciará considerablemente su valor debido al desgaste natural como bomba de prueba por la gran cantidad de arena que extrae una bomba de prueba que se usa en prueba: que el demandado causará graves e irreparables perjuicios al demandante: que no tiene otro remedio que el de *injunction* que utiliza: y que ha requerido al demandado para que no traslade esa bomba y para que no la utilice en otro sitio. Por esas alegaciones solicitó de la corte que prohibiese definitivamente al demandado que trasladase la bomba de Hato Rey a cualquier sitio, y especialmente que la instalase en el pozo profundo de Bayamón y que mientras se ventila este pleito dicte una orden preliminar de *injunction* a los mismos efectos y decrete, desde luego, un entredicho para tal fin.

La corte señaló día para que el demandado compareciera ante ella a exponer las razones que tuviera para que no se dictase el *injunction* preliminar solicitado y mientras tanto puso en entredicho al demandado ordenándole que no removiese la bomba de los pozos profundos de Hato Rey; que no la llevase a otro sitio y que no la instalase en el pozo profundo de Bayamón.

El día señalado para la comparecencia de las partes el demandado alegó excepciones previas contra la petición reseñada y también contestó la orden para mostrar causa, alegando entre otras cosas que está utilizando la bomba en cuestión en el pozo profundo de Bayamón por haberla trasladado con anterioridad a la fecha en que se expidió la orden de entredicho, resultando así académica la resolución de la petición. Entonces el peticionario presentó moción alegando que cuando se notificó la orden de entredicho al demandado éste no había terminado de instalar la bomba en Bayamón y solicitó que fuese castigado por desacato y que se le ordenase que inmediatamente suspendiese el uso de la bomba, que la trasladase a los pozos que están en Río Piedras y que la instalase allí en la forma que antes se encontraba. La corte

resolvió esa moción prohibiendo al demandado el uso de la bomba en Bayamón. Respecto al desacato fué acuerdo de las partes que fuese decidido por la evidencia que se presentase para el *injunction* preliminar. Después de oída la evidencia que las partes presentaron la corte exoneró al demandado Laffaye del cargo de desacato y por otra resolución, que es la apelada, decretó el *injunction* preliminar interesado.

■ El primer motivo alegado para este recurso es por la resolución de la corte ampliando el entredicho para que el demandado no usara la bomba en Bayamón, fundada en que no está sostenida por las alegaciones de la petición.

El objeto fundamental de la petición es que el demandado no use la bomba para su beneficio particular y uno de los medios de evitar ese uso era prohibiendo el traslado de la bomba a Bayamón, pero trasladada antes de ser notificado el demandado de la prohibición decretada, pudo la corte prohibir su uso, como pudo haberlo hecho desde el principio, de acuerdo con los términos de la petición de *injunction.*

■ El segundo motivo es por haber sido declaradas sin lugar las excepciones previas formuladas por el demandado a la petición de *injunction* fundada en que no aduce hechos determinantes de causa de acción.

Como se ve por las alegaciones de la petición, demandante y demandado constituyeron una sociedad civil particular para el ejercicio de una profesión, según el artículo 1580 del Código Civil; y disuelta por acuerdo de las partes, la partición entre los socios se rige por las reglas de la de las herencias, según dispone el artículo 1610 del mismo código, por lo que los bienes de la sociedad existentes a la disolución pertenecen en común pro indiviso a los dos socios mientras la sociedad sea liquidada. Por esto la sentencia de 3 de agosto de 1892 del Tribunal Supremo de España que se cita en Cátala, Código Civil, declaró que por la disolución de la sociedad entre las partes, los bienes de ellas pertenecientes a la sociedad pasaron a ser en común y pro indiviso

de las dos personas que fueron socios. En virtud de esto son aplicables las reglas establecidas en el Código Civil para la comunidad de bienes, una de las cuales es, según el artículo 401, que cada partícipe podrá servirse de las cosas comunes, siempre que disponga de ellas conforme a su destino y de manera que no perjudique el interés de la comunidad ni impida a los copartícipes utilizarlas según su derecho; el artículo 404 preceptivo de que ninguno de los condueños podrá, sin el consentimiento de los demás, hacer alteraciones en la cosa común aunque de ellas pudieran resultar ventajas para todos; y el artículo 405, según el cual para la administración y mejor disfrute de la cosa común serán obligatorios los acuerdos de la mayoría de los partícipes. Por consiguiente, alegando la petición que el demandado va a utilizar la bomba en forma distinta a la de su destino, con perjuicio para la comunidad, impidiendo utilizarla al demandante, haciendo alteraciones en ella y todo con la oposición del peticionario, no cabe duda de que alega causa de acción para el procedimiento ejercitado. El artículo 1597, No. 2, del Código Civil que el apelante cita en apoyo de su excepción no es aplicable a este caso porque se refiere a la administración de los bienes antes de disolverse una sociedad, y tampoco le es favorable porque es similar al artículo 401 citado antes, pues si bien dice que cuando no se haya estipulado el modo de administrar cada socio podrá servirse de las cosas que componen el fondo social de acuerdo con la costumbre de la tierra, dice también que esto será con tal que no lo haga en contra al interés de la sociedad o de tal modo que impida el uso a que tienen derecho sus compañeros.

Tampoco es insuficiente la petición porque se trate de una propiedad mueble, porque la acción de daños no sería adecuada en este caso ante la dificultad de poder demostrarse el daño realmente causado a la bomba por su uso como bomba de prueba.

Como consecuencia de lo expuesto no tenía la peti-

ción que alegar la insolvencia del demandado, como dice el apelante, porque solamente es necesaria tal alegación cuando el daño irreparable o el hecho de que el remedio en ley no sea adecuado depende de la insolvencia del demandado, lo que no ocurre en este caso. 32 C. J. 332.

Otro motivo de objeción a la petición es porque en ella se dice que el peticionario sufrió daños irreparables sin exponer los hechos para esa conclusión. Sin embargo, en la petición están expuestos esos hechos al decir que el demandado va a alterar la forma de la bomba para aplicarla a uso distinto de aquel para el cual fué construída, que por el uso a que va a ser destinada depreciará grandemente y que en esa forma va a usar una propiedad de la que es condueño el peticionario y sin su consentimiento. Es cierto, como alega el apelante, que en la solicitud de *injunction* deben alegarse hechos que demuestren que el daño que puede causar el demandado es irreparable pero entendemos que la alegación hecha de que el demandado va a utilizar para su provecho particular y exclusivo la bomba que no pertenece a él solo, es una suficiente alegación en este caso, que descansa principalmente en que priva al peticionario del uso de la bomba en que es copropietario, a más de que la va a dedicar a destino distinto de aquel para el cual fué comprada. El hecho de usar para sí exclusivamente lo que también pertenece a otro contra la voluntad del otro condueño nos parece que es por sí solo bastante para justificar el daño irreparable y la intervención del tribunal, independientemente de si el peticinario puede obtener compensación pecuniaria de tal uso por el demandado.

Dice el apelante que no procede el *injunction* en este caso porque el peticionario tiene remedio en ley de acuerdo con el No. 1 del artículo 182 del Código de Enjuiciamiento Civil, según el cual puede ser nombrado por la corte un síndico en acción entablada entre socios o personas que en común posean o estén interesados en bienes, pero no existe tal

remedio en este caso porque no hay acción alguna entablada entre las partes ante los tribunales independientemente de la solicitud de *injunction* a que venimos refiriéndonos.

El tercer motivo de error se funda en que de las alegaciones y de la prueba en conjunto aparece que cuando se libró la orden de entredicho ya el demandado había realizado los actos que se pretenden impedir por el *injunction* solicitado.

Es cierto que cuando el primer entredicho fué notificado al demandado éste había trasladado la bomba a Bayamón, pero ya hemos dicho que de acuerdo con las alegaciones de la petición podía extenderse la orden de entredicho a prohibir el uso de la bomba en el pozo profundo de ese pueblo, sin que aparezca claramente que al notificársele el segundo entredicho al demandado estuviese usando la bomba en Bayamón, por lo que no existe el error que se alega.

El cuarto motivo de la apelación es porque la prueba no es suficiente para haber concedido el *injunction* preliminar.

Hemos dicho antes que el objeto fundamental del *injunction* en este caso es que el demandado no use para su solo beneficio la bomba que también pertenece al demandante, sin consentimiento del último y haciendo en ella innovaciones o modificaciones, y la prueba demuestra que el demandado hizo modificaciones en la bomba para usarla en el pozo que particularmente y para su solo provecho contrató con el municipio de Bayamón, por lo que no puede sostenerse que la prueba no sea suficiente en este caso.

Otro motivo de la apelación, el quinto, es que hubo error en conceder el *injunction* provisional porque esa decisión está en contradicción con la que exoneró a Laffaye del cargo de desacato que le imputó el demandante.

El hecho de que el demandado fuera absuelto del cargo de desacato que se le imputó por haber trasladado la bomba a Bayamón no demuestra necesariamente que la orden de *injunction* no esté justificada en este caso. Pudo ser equivocada la resolución del desacato, pero de todos modos creemos

que estuvo justificada y no contradice la prohibición del uso de la bomba porque lo que primeramente se prohibió al demandado fué que no trasladase la bomba a Bayamón y tal remoción estaba hecha cuando el primer entredicho le fué notificado.

El último error alegado es porque la resolución concediendo el *injunction* es contraria a derecho; fundado en que en la escritura disolviendo la sociedad y poniéndola en liquidación se convino en que toda diferencia o desacuerdo o disparidad de criterio entre los liquidadores sería sometida a arbitraje. Según otra cláusula de esa escritura los dos socios se hacían cargo de la liquidación y no podían actuar separadamente.

A nuestro juicio no existe en este caso una disparidad de criterio, diferencia o desacuerdo entre los liquidadores respecto al uso de la bomba durante la liquidación sino la apropiación de ella por uno de los condueños y liquidadores para su solo beneficio, haciendo alteraciones en ella y todo contra la voluntad del otro condueño y liquidador, por lo que tal hecho no está comprendido en la estipulación citada y no impide la interposición del *injunction* solicitado y obtenido.

Tal es el hecho prevaleciente e importante en este caso y por eso no es de importancia en él que no se alegara en la petición y que resultara de la prueba que el peticionario fué licitador en la subasta del pozo profundo de Bayamón que obtuvo el demandado; ni que el privarse al demandado del uso de la bomba en Bayamón pudiera perjudicar a dicha comunidad, pues el demandado no debió contar para dicho trabajo con la bomba cuyo uso no consentía uno de los dos condueños.

*La resolución apelada debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.