José Alvarez de la Vega, en su carácter de Presidente de la Federación Deportiva del Norte, demandante y apelante, *v.* Comisión de Recreo y Deportes Públicos de Puerto Rico, etc., demandada y apelada.

Núm. 9348.—*Sometido:* Abril 1, 1947. *Resuelto:* Mayo 22, 1947.

*Rafael A. González,* abogado del apelante; *Hon. Procurador General Interino Luis Negrón Fernández (E. Campos del Toro, ex Procurador General,* en el alegato), y *Carlos Santana Becerra, Procurador General Auxiliar,* abogados de la apelada.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

La Federación Deportiva del Norte es una corporación para fines no pecuniarios que se dedica a fomentar los depor-

tes en Puerto Rico mediante la celebración de torneos para aficionados a los distintos deportes. En enero 9 de 1942 la Comisión de Recreo y Deportes Públicos de Puerto Rico designó un Comité de Boxeo "para estudiar y someter un memorándum señalando errores, etc., si los hubiera y para ofrecer recomendaciones pertinentes a la organización definitiva de este deporte." Después de practicar una investigación y de examinar numerosos testigos, entre ellos un representante de la Federación demandante, el Comité de Boxeo rindió un informe censurando a la Federación Deportiva del Norte y a la Comisión de Recreo y Deportes Públicos por la forma irregular en que ambas habían conducido el boxeo aficionado en el pasado; y recomendando, "para evitar en el futuro que personas o asociaciones se beneficien materialmente del deporte aficionado en Puerto Rico," que se declarase a la Federación demandante entidad profesional en los deportes puertorriqueños.

En marzo 4 de 1942, la Comisión demandada, por unanimidad, declaró a la Federación demandante entidad profesional "hasta tanto rindan un informe satisfactorio del uso dado a los dineros recibidos con motivo de la celebración de eliminatorias y Serie de Boxeo en Cuba, y prueben fuera de toda duda que no pagaron a los boxeadores Jesús Ríos, Alfonso Ortiz y Jaime de Jesús por las exhibiciones rendidas bajo los auspicios de las entidades arriba mencionadas."

Dos años más tarde, en julio 7 de 1944, la Federación Deportiva del Norte radicó una petición de *injunction* contra la Comisión de Recreo y Deportes, alegando que ésta le había despojado de su *status* de organismo de aficionados, sin haberle concedido una oportunidad para ser oída y defenderse de cualquier cargo que contra ella se hubiese formulado; y que con posterioridad a la fecha de la resolución dictada por la Comisión, la demandante hizo gestiones para que se le restituyera el status de aficionada, pero que dichas gestiones no tuvieron éxito, viéndose obligada la demandante a reducir sus

actividades deportivas. Se alegó, además, que de ser puesta en vigor la resolución de la Comisión, la demandante sufriría daños irreparables; y que la demandante carecía de otro recurso legal rápido y adecuado para la protección de su alegado derecho.

Celebrada la vista para determinar la procedencia del injunction preliminar solicitado, la corte inferior declaró sin lugar la solicitud, entre otras razones porque de acuerdo con la sección 33 de la Ley núm. 11 de 1934 (pág. 217), "la peticionaria tenía el remedio de certiorari que era un remedio adecuado en el curso ordinario de la ley y ello es así aun cuando haya perdido el tal recurso por descuido o negligencia." De esta resolución apela la peticionaria alegando como único señalamiento que "la corte inferior erró al declarar sin lugar la petición no obstante haberse probado que la peticionaria-apelante fué privada de su propiedad sin habérsele citado ni oído."

La sección 33 de la Ley núm. 11 de 1934 dispone que:

"Las decisiones y acuerdos de la Comisión de Recreo y Deportes Públicos serán revisables por una corte de jurisdicción competente, mediante procedimiento de 'certiorari' exclusivamente, radicado dentro de los diez (10) días subsiguientes a la fecha en que tales acuerdos o decisiones hayan sido tomados."

La Ley antes mencionada, clara y específicamente, dispone que el remedio exclusivo para atacar judicialmente y revisar los acuerdos o decisiones de la Comisión de Recreo y Deportes Públicos es por un recurso de certiorari. Cuando se concede un derecho, éste debe ejercitarse de acuerdo con las disposiciones que la ley prescribe. En el caso de autos la demandante permaneció callada por espacio de dos años, al cabo de los cuales hizo una solicitud de injunction, intentando en esta forma que la corte inferior revisara la decisión tomada por la Comisión. No era éste el remedio autorizado por ley. Tenía la demandante el remedio de certiorari único y exclu-

sivo por el cual pudo la corte, si la demandante hubiese actuado diligentemente, revisar los procedimientos efectuados y la decisión rendida por la Comisión de Recreo y Deportes. Uno de los principios de derecho más elementales es que no procede el injunction cuando existe un remedio legal adecuado. *Moffett* v. *Buscaglia,* 64 D.P.R. 878; *Rivera* v. *Colón,* 62 D.P.R. 51. La solicitud de injunction fué correctamente denegada.

*Debe confirmarse la resolución recurrida.*