MIGUEL ÁNGEL CRUZ, demandante y apelado, *v.* EULALIO ORTIZ, demandado y apelante.

Número 10671.

*Sometido:* 1 de diciembre de 1952. *Resuelto:* 26 de enero de 1953.

*Víctor Rivera Colón,* abogado del apelante; *César Andréu Ribas,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

En la Sección de San Juan del anterior Tribunal de Distrito de Puerto Rico, Miguel Ángel Cruz presentó una petición de *injunction* contra Eulalio Ortiz, alegando, en síntesis, que el peticionario es dueño de una casa y solar en la Calle Degetau, en Santurce; que el demandado es dueño de un edificio de cemento de tres plantas, que colinda con la ya mencionada propiedad del peticionario y demandante, en su parte

norte y este, encontrándose dicho edificio "al presente sin terminar su construcción"; que más de dos años antes de la radicación de la demanda, el demandado terminó la construcción de las paredes de su edificio que colindan con la casa y solar del peticionario; que dejó varios huecos o espacios abiertos en esas paredes, en la misma colindancia de los solares del peticionario y del demandado; que en la tercera planta de su edificio "el demandado ha dejado colgadas unas molduras de madera que, de caerse, habrán de caer dentro del solar, sobre el garaje o sobre la casa residencia del peticionario, con el consiguiente riesgo para la vida de los familiares de este último"; que el demandado, además, instaló un tubo respiradero que hizo salir al solar del peticionario y que por dicho tubo ha salido materia fecal pestilente "haciendo insoportable la estadía del peticionario y sus familiares en su residencia"; que la actuación del demandado ha dado lugar a que por los huecos por él abiertos en las paredes del edificio "se pasen ratas y se arrojen basuras al solar y sobre el garaje del peticionario y ha dado lugar además a que el peticionario y sus familiares tengan que percibir los malos olores que despiden las tuberías negras del edificio del demandado, perturbando así la paz y tranquilidad del hogar del peticionario con menoscabo de su salud y felicidad"; que el peticionario requirió varias veces del demandado que cerrase los huecos así abiertos y el demandado se negó a ello y que "el peticionario carece de otro remedio adecuado en el curso ordinario de la ley a excepción del recurso extraordinario de injunction para obligar al demandado a que cierre los huecos, elimine las molduras y todo aquello que implique peligro, daño a la propiedad y menoscabo de los derechos del peticionario."

El demandado presentó en una sola alegación su contestación, negando los hechos esenciales expuestos en la demanda, y una "moción para desestimar", en la que se alegaba que la solicitud de injunction "no aduce hechos suficientes en contra del demandado, por los siguientes motivos: (1) porque no

alega la existencia de daños irreparables que justifiquen la intervención de la equidad; (2) porque no alega la multiplicidad de pleitos a que vendría obligado el demandante y (3) porque no alega que no exista un remedio en el curso ordinario de la ley."

Después de haberse celebrado una conferencia anterior al juicio, y de haberse presentado prueba oral y documental, el tribunal a quo dictó sentencia declarando con lugar la petición de injunction, después de haber formulado las siguientes "conclusiones de hechos probados", que no han sido impugnadas en esta apelación:

"Del resultado 'de la prueba practicada, el tribunal estima como probados los siguientes hechos:

"(a) Que el demandante Miguel A: Cruz, es propietario del solar y casa número 29 de la Calle Degetau, de Santurce, la cual ocupa con su familia, esposa e hijos; y que el demandado, Eulalio Ortiz, es propietario del edificio que hace esquina a la Calle Muñoz Rivera y Degetau, colindando por el Norte y por el Este con el solar del demandante. Que mientras la casa del demandante es de una sola planta y techada de zinc, el edificio del demandado es de tres plantas de bloques de cemento y un mirador de madera techado de zinc, y sus paredes Sur y Oeste están levantadas precisamente en la línea de colindancia con el solar del demandante.

"(b) Que el demandado, al construir dichas paredes de su edificio, dejó abiertos tres huecos en la pared Sur, uno, de cuatro pies nueve pulgadas de ancho por cuarenta y tres pulgadas de alto que queda frente a la sala del demandante con luces rectas hacia dicha propiedad; otro, de dos pies y medio de ancho por pie y medio de alto, que da frente a la cocina en la pared Oeste; otro, de cincuenta y dos pulgadas de ancho por pie y medio de alto y que da sobre el cuarto dormitorio del padre del demandante; otro, en el garage del demandante a siete pies tres pulgadas del piso y que mide cuatro pies cuatro pulgadas de ancho por pie y medio de alto; y otro sobre el techo del garage del demandante a seis pulgadas de dicho techo que mide un pie nueve pulgadas de ancho por un pie nueve pulgadas de alto. Que de dichos huecos tres fueron abiertos en la pared Sur y dos en la pared Oeste del edificio del demandado.

"(c) Que en la parte más alta de la pared Oeste de su edificio el demandado dejó colgando y hacia el solar del demandante unas molduras de madera las cuales con las lluvias y la acción del tiempo se desprenden en pedazos y caen sobre y dentro del solar y casa del demandante; que en la pared Sur de su edificio el demandado también dejó otros trozos de molduras de madera los cuales penden sobre el solar del demandante y amenazan caerse; que en la pared Sur, dejó el demandado una parte baja y desde el mirador que construyó el demandado hay vistas rectas sobre el solar del demandado a menos de dos metros de distancia de la colindancia con éste.

"(d) Que por no haber empañetado las paredes Oeste y Sur de su edificio, ocurren desprendimientos de parte de los bloques de concreto los cuales caen dentro del solar y casa de la parte demandante."

El demandado ha apelado para ante este Tribunal y como único error señala el siguiente:

"Erró el tribunal inferior al declarar sin lugar las mociones para desestimar y al dictar un auto de injunction sin alegarse en la solicitud ni probarse la existencia de daños irreparables, ni la multiplicidad de pleitos ni que el demandante tuviera un remedio en el curso ordinario de la Ley."

Con respecto a la alegada insuficiencia de la demanda debemos señalar, como punto de partida, que el deber de los tribunales se limita a considerar si a la luz de la situación más favorable al demandante y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida, que pueda dar lugar a algún remedio. *González* v. *Hawayek*, 71 D.P.R. 528, 533; *Rivera* v. *Pueblo*, 73 D.P.R. 902. Véanse, además, *Meléndez* v. *Iturrondo*, 71 D.P.R. 60; *Boulon* v. *Pérez*, 70 D.P.R. 988; *Spanish American Tobacco Co.* v. *Izquierdo, Comisionado*, 67 D.P.R. 158. La demanda no debe desestimarse a menos que aparezca con certeza que el demandante no tiene derecho a remedio alguno bajo cualquir situación de hechos que pudieran probarse como fundamento de la reclamación. 2 Moore's *Federal Practice*, 2245, sec. 12.08, segunda edición; *Mullen* v. *Fitz Simons and*

*Connell Dredge & Dock Co.*, 1949, 172 F.2d 601; *Gruen Watch Co.* v. *Artists Alliance*, 1951, 191 F.2d 700. Las alegaciones de la demanda deben ser interpretadas liberalmente. 2 Moore, ob. cit. 2245. Si de la demanda surge alguna reclamación válida, el tribunal debe conceder el remedio que proceda, aunque no sea el mismo que se solicitó en la demanda. *Núñez* v. *Benítez*, 65 D.P.R. 864, 869; 2 Moore, ob. cit. 423, sec. 2.08. Desde ese punto de vista, y, por los fundamentos legales que discutiremos más adelante, la demanda presentada en el caso de autos es claramente suficiente, no solamente para establecer una reclamación válida a favor del demandante y apelado, sino también para justificar la procedencia del remedio específico de injunction, especialmente en vista de que en la demanda no hay que alegar específica y expresamente, con palabras exactas, que el demandante sufriría daños irreparables o que el remedio existente en el curso ordinario de la ley no es adecuado, ya que si de los hechos expuestos en la demanda surgen tales conclusiones, la demanda sería suficiente. *Nieves* v. *López*, 61 D.P.R. 269; *Benítez Rexach* v. *Municipio*, 42 D.P.R. 107; *Peña* v. *Vergne de la Concha*, 37 D.P.R. 285; *Alonso* v. *Madera et al.*, 32 D.P.R. 719; *Narváez* v. *González*, 16 D.P.R. 191; *Chardón* v. *Laffaye*, 43 D.P.R. 650; *Loíza Sugar Co.* v. *Hernáiz y Albandoz*, 32 D.P.R. 903, 905; *Arenas et al.* v. *Enright*, 26 D.P.R. 742. Además, cualquier posible insuficiencia de la demanda puede ser suplida por la prueba, y la demanda puede ser considerada como enmendada por la prueba presentada. *Ponce* v. *F. Badrena e Hijos*, ante pág. 225, y casos allí citados. No solamente es suficiente la demanda, sino que, bajo las conclusiones de hechos formuladas por el tribunal sentenciador, actuó correctamente al declarar con lugar la demanda de injunction. Veamos.

■■ El tribunal inferior concluyó que en unas paredes edificadas por el demandado precisamente en la línea de colindancia con el solar del demandante, el demandado dejó

abiertos varios huecos de un tamaño no autorizado por la ley y, naturalmente, a una distancia de menos de dos metros y menos de 60 centímetros del solar del demandante; que en esas paredes el demandado dejó colgando y hacia el solar del demandante unas molduras que se desprendían con las lluvias y la acción del tiempo y caían en el solar del demandante, al igual que otras molduras de madera amenazaban caerse, y que ocurrían desprendimientos de parte de los "bloques de concreto" en las paredes del demandado que caían dentro del solar y casa del demandante.

No se pueden abrir ventanas con vistas rectas, ni balcones ni otros voladizos semejantes sobre la finca del vecino, si no hay dos metros de distancia entre la pared en que se construyan y dicha propiedad. Artículo 518, Código Civil. Tampoco pueden tenerse vistas de costado u oblicuas sobre la misma propiedad, si no hay 60 centímetros de distancia. Las distancias se contarán en las vistas rectas desde la línea exterior de la pared en los huecos en que no haya voladizos, desde la línea de éstos donde los haya, y para las oblicuas desde la línea de separación de las dos propiedades. Artículo 519, Código Civil. El propietario de un edificio está obligado a construir sus tejados o techo de manera que las aguas pluviales caigan sobre su propio suelo, o sobre la calle o sitio público, y no sobre el suelo del vecino. Aun cayendo sobre el propio suelo, el propietario está obligado a recoger las aguas de modo que no causen perjuicio al predio contiguo. Artículo 522, Código Civil. En términos generales, un propietario no puede hacer ni construir en lo suyo lo que cause daños irrazonables a su vecino. 2 C.J.S. 6. Véase, además, el artículo 284, Código Civil.

Las actuaciones del demandado, y especialmente la apertura de los huecos ya mencionados, claramente lesionaron los derechos del demandante, a tono con los fundamentos legales ya señalados, y menoscabaron su derecho a que no permane-

ciesen abiertos los huecos ya mencionados. El problema envuelto en esta apelación consiste en determinar si procede, en beneficio del demandante, el remedio extraordinario de injunction, esto es, si el remedio de una acción confesoria de servidumbre, al alcance del peticionario (o una acción negatoria de servidumbre, en su caso), con la correspondiente indemnización de daños y perjuicios, constituye un remedio adecuado, en tal forma que quede excluída la posibilidad de un injunction a los fines de proteger los derechos del demandante.

Procede un injunction para evitar daños irreparables o una multiplicidad de procedimientos. *Torruella v. Sucn. Serrallés*, 57 D.P.R. 280; *Las Monjas Racing Corp. v. Comisión Hípica*, 57 D.P.R. 522; *Durlach Bros. Inc. v. Domenech*, 47 D.P.R. 654; *Chardón v. Laffaye*, supra; *Asociación Médica de Puerto Rico v. Rechani*, 42 D.P.R. 90; *Benítez Rexach v. Municipio*, 42 D.P.R. 107; *Franco v. Oppenheimer*, 40 D.P.R. 153; *Santini Fertilizer Co. v. González*, 39 D.P.R. 758; *Peña v. Vergne de la Concha*, supra; *Almodóvar v. Russell & Co.*, 34 D.P.R. 94; *Monagas v. Rivera*, 33 D.P.R. 600, 604; *Sabat v. Valera*, 24 D.P.R. 143; *The American Trading Co. v. Monserrat*, 18 D.P.R. 273; *Wenar v. Jones*, 14 D.P.R. 433; *Sucesión Iglesias v. Bolívar*, 11 D.P.R. 571.

El concepto de evitación de daños irreparables o de una multiplicidad de procedimientos constituye un aspecto de la regla básica de que procede un injunction cuando el remedio existente en el curso ordinario de la ley es inadecuado. *Descartes Tes. v. Tribunal de Contribuciones*, 73 D.P.R. 295; *Las Monjas Racing Corporation v. Comisión Hípica Insular*, 67 D.P.R. 45, 56; *Álvarez v. Comisión de Recreo y Deportes*, 67 D.P.R. 355; *Mari v. Vicéns*, 67 D.P.R. 473; *Cruz v. Comisión Hípica*, 65 D.P.R. 749; *Moffett v. Buscaglia*, 64 D.P.R. 878; *Rivera v. Colón*, 62 D.P.R. 51; *Central Cambalache v. Cordero*, 61 D.P.R. 8; *Chardón v. Laffayé*, supra; *Compañía*

*Popular de Transporte* v. *Suárez*, 52 D.P.R. 251. Véanse, además, 43 C.J.S. 863, sec. 182(6) ; 28 Am. Jur. 459, sec. 283.

Bajo circunstancias como las que concurren en el caso de autos, pueden protegerse los derechos de un demandante mediante un injunction, no siendo completamente adecuado el remedio ordinario. 3 Powell, *Real Property*, sec. 420, págs. 481–487, especialmente la pág. 483; 139 A.L.R. 165; 93 A.L.R. 1180; 12 A.L.R. (2d) 1214, 1216; 28 C.J.S. 788 et seq., sec. 107. Las acciones confesorias o negatorias de servidumbres pueden ser útiles en cuanto al logro de una declaración de derechos y una indemnización de daños y perjuicios, pero su utilidad no excluye la eficacia del remedio de injunction, en vista de que la forma continua en que se ejerce, o pueda ejercerse, el menoscabo o lesión de los derechos de servidumbre puede dar lugar a una multiplicidad de litigios.

En *Hijos de J. Bird León* v. *Luiña*, 25 D.P.R. 621, se sostuvo la procedencia de un auto de injunction para impedir la violación de una servidumbre de paso. En *Martínez* v. *P. R. Coconut Industries*, 68 D.P.R. 243, también se estableció la procedencia del remedio extraordinario de injunction a los fines de proteger al dueño de un predio inferior contra las contaminaciones de aguas que llevaba a cabo el dueño del predio superior.

En *San Patricio Corporation* v. *Colón*, 65 D.P.R. 915, se dijo, en parte, lo siguiente:

"Si como en el presente caso, la demanda alega que la demandante es dueña de la parcela de terreno que describe en la demanda; que a favor de esta parcela y sobre un predio perteneciente a los demandados se ha constituído una servidumbre de paso de carretera y que los demandados están impidiendo a la demandante el uso de la servidumbre, no hay duda alguna que un derecho de la demandante ha sido invadido por los demandados, y para proteger ese derecho la ley concede un remedio. El remedio que la demandante solicita, conforme resulta de las alegaciones y súplica de la demanda, es que se declare la existen-

cia de la servidumbre, y en su consecuencia se dicte un auto preliminar de *injunction* y en su día uno permanente, ordenando a los demandados y a sus agentes a remover o destruir las cercas que impiden el paso por la carretera construída en la faja de terreno sobre la cual se constituyó la servidumbre . . . .

"Aunque la demandante no ha dado nombre alguno a la acción establecida en el caso núm. 442 (corte inferior), los hechos alegados constituyen la acción confesoria de servidumbre, y la única forma de proteger el uso de la misma, es ordenando a invasor de ese derecho que remueva el obstáculo y se abstenga en lo sucesivo de menoscabar el derecho de la demandante. Llámese orden, llámese injunction, lo que en todo caso hace la corte es ordenar la remoción del obstáculo y tomar las medidas necesarias para impedir la repetición de cualquier menoscabo del derecho de servidumbre."

■ Procede el injunction, además, para impedir violaciones a restricciones privadas. *Santaella* v. *Purón*, 60 D.P.R. 552; *Macatee* v. *Biascoechea*, 37 D.P.R. 1; *Lawton* v. *Rodríguez*, 35 D.P.R. 487; *Glines* v. *Matta*, 19 D.P.R. 409. En *Chardón* v. *Laffaye*, supra, se reconoció la suficiencia de una petición de injunction en que se alegó que uno de dos comuneros intentaba utilizar la propiedad para su beneficio particular, haciéndole alteraciones e impidiendo su uso por el otro propietario.

■ En el caso de autos los derechos del demandante han sido creados por la ley, y las violaciones de esos derechos pueden ser prohibidas mediante injunction. 4 Pomeroy, *Equity Jurisprudence* 935, sec. 1338. *Cf. Vallecillo* v. *Vidal*, 33 D.P.R. 337, 340. Ello es cierto especialmente en vista del carácter continuo de la servidumbre de luces y vistas, y de la naturaleza también continua de las violaciones por el demandado de los derechos del demandante.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Belaval no intervino.