ENRIQUE RAMÍREZ PROSPERI, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

No. 737.—*Sometido:* Noviembre 5, 1928. *Resuelto:* Marzo 8, 1929.

*Nazario & García Méndez,* abogados del recurrente; El Registrador recurrido, compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El registrador de la propiedad inscribió una hipoteca sobre bienes privativos del esposo, sujeta al defecto subsanable de que la esposa del deudor hipotecario no había consentido a la renuncia del derecho de hogar seguro hecha por éste.

Las secciones 1, en parte, 2 y 3 de nuestra ley sobre la materia leen como sigue:

"Sección 1.—Que todo jefe de familia, que tenga familia, tendrá derecho a una finca de *homestead,* hasta el valor de quinientos dollars ($500) en una estancia, plantación o predio de terreno y en los edificios contenidos en el mismo, que le pertenezca o que posea legalmente, en virtud de arrendamiento o en otra forma, y estuviere ocupado por él o ella como su residencia; y dicho *homestead* y todo derecho o título sobre el mismo estará exento de embargo, sentencia, exacción o ejecución, excepción hecha de las contribuciones que adeudare, el valor de la venta (compra) de dicha propiedad o la responsabilidad incurrida por mejoras que se hicieren en la misma, y excepción hecha también de lo que más adelante se establece.

"Sección 2.—Que dicha exención continuará después de la muerte del jefe de familia, a beneficio del esposo o esposa superviviente, mientras él o ella continúe ocupando dicho *homestead,* y después de la muerte de ambos, esto es del esposo y de la esposa, a beneficio de sus hijos, hasta que el menor de éstos haya llegado a la edad de veinte y un años; en caso de que el esposo o la esposa abandonase su familia, la exención continuará en favor del cónyuge que ocupe la finca como residencia; y en caso de divorcio, el tribunal que lo conceda podrá disponer del *homestead* según la equidad del caso.

"Sección 3.—Que no será válida ninguna renuncia o traspaso de una finca así exentada, a menos que se consigne expresamente en la escritura de traspaso por dicho jefe de familia, su esposo o esposa, si él o ella lo tuvieren, o a menos que se obtuviere o abandonare la posesión de acuerdo con la escritura de traspaso, o sin la orden de la corte de distrito disponiendo el traspaso del título de la propiedad, siempre que la exención se haga extensiva a un hijo o hijos."

No es necesario que resolvamos por ahora si en Puerto Rico la esposa tiene un interés o derecho de *homestead* adquirido sobre los bienes privativos de su esposo, cuando tales bienes son ocupados por la familia como residencia.

El documento que se tuvo en mente al redactarse la sección 3, *supra,* es una exoneración, renuncia o traspaso otorgado por ambos esposos. Las palabras "su esposo o esposa,

si él o ella lo tuvieren," difícilmente podrían considerarse como equivalentes a, o como que se intentó que significaran, "el cónyuge sobreviviente, si lo hubiere." Un jefe de familia, al morir, puede dejar un cónyuge superviviente, pero no puede "tenerlo." Tampoco es un cónyuge superviviente "su esposo o esposa." Lo que la ley exige es una escritura otorgada "por dicho jefe de familia" y "su esposo o esposa, si él o ella lo tuvieren."

Tal interpretación está en armonía con el espíritu general y fin de la ley de hogar seguro. También está de acuerdo con lo que probablemente fué el prototipo de la sección 3, 29 C. J. pág. 785, párrafo 7; id. pág. 884, párrafo 256, *et seq.*

La nota recurrida *debe ser confirmada.*

Los Jueces Asociados Sres. Aldrey y Texidor disintieron. (Véase el prefacio.)