Elías B. Wilcox, recurrente, *v.* El Registrador de la Propiedad de San Juan, Sección Primera, recurrido.

No. 873.—*Sometido:* Noviembre 7, 1932. *Resuelto:* Noviembre 30, 1932.

*H. Torres Solá,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Presentada para su inscripción en el registro de la propiedad la escritura No. 50 de préstamo y constitución de hipoteca otorgada ante el notario F. García Veve por Gabriel Capó, casado, a favor de Elías B. Wilcox, sobre una finca que le pertenecía privativamente, que contiene una cláusula que dice: "Quinta: El deudor por sí y a nombre de sus herederos, cesionarios y causahabientes, renuncia a favor del acreedor y de los suyos, de todo y cualquier derecho que tiene o pueda tener sobre los descritos solares objeto de esta hipoteca, por concepto de *Homestead,* Hogar Seguro, siendo extensiva esta renuncia a favor de cualquier adjudicatario que lo fuere en caso de ejecución, de la finca aquí hipotecada.", el registrador la inscribió pero "con el defecto subsanable de no estar renunciado el derecho de *homestead* también por la esposa del deudor."

No conforme el acreedor, interpuso el presente recurso gubernativo.

La exacta cuestión envuelta en el mismo fué decidida por esta Corte Suprema en contra del recurrente en el caso de

*Ramírez* v. *Registrador,* 39 D.P.R. 269, en el que hablando el Juez Sr. Hutchison por la mayoría de la corte, se expresó así:

"No es necesario que resolvamos por ahora si en Puerto Rico la esposa tiene un interés o derecho de *homestead* adquirido sobre los bienes privativos de su esposo, cuando tales bienes son ocupados por la familia como residencia.

"El documento que se tuvo en mente al redactarse la sección 3, *supra,* es una exoneración, renuncia o traspaso otorgado por ambos esposos. Las palabras 'su esposo o esposa, si él o ella lo tuvieren,' difícilmente podrían considerarse como equivalentes a, o como que se intentó que significaran, 'el cónyuge sobreviviente, si lo hubiere.' Un jefe de familia, al morir, puede dejar un cónyuge superviviente, pero no puede 'tenerlo'. Tampoco es un cónyuge superviviente 'su esposo o esposa.' Lo que la ley exige es una escritura otorgada 'por dicho jefe de familia' y 'su esposo o esposa, si él o ella lo tuvieren.'

"Tal interpretación está en armonía con el espíritu general y fin de la ley de hogar seguro. También está de acuerdo con lo que probablemente fué el prototipo de la sección 3. 29 C. J. pág. 785, párrafo 7; id. pág. 884, párrafo 256, *et seq."*

El alegato del recurrente no contiene nuevo dato o argumento o cita de ley o autoridades que demuestre que no deba seguirse y sostenerse el criterio de esta corte como lo siguió y sostuvo el registrador.

*Debe declararse el recurso sin lugar.*

El Juez Asociado Señor Aldrey disintió.*