Jesús María Quiñones Muñiz, demandante y apelado, *v.* Flor Rodríguez y su esposa Juana Román, demandados y apelantes.

Núm. 8186.—*Sometido:* Marzo 7, 1941. *Resuelto:* Marzo 12, 1941.

*Luis Mendín Sabat,* abogado de los apelantes; *Francisco González Fagundo,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

En junio de 1938 el demandante en este caso instó un procedimiento ejecutivo en la corte inferior en cobro de un crédito hipotecario por la cantidad de $400 de principal, intereses al. 1 por ciento mensual desde el 18 de agosto de 1936, y $150 para costas, constituído por escritura de 17 de diciembre de 1927, en la cual se consignó la siguiente cláusula:

"Los esposos deudores declaran que la casa descrita no la tienen constituída en su *homestead* u hogar seguro, y se comprometen a no constituirla como tal durante la vigencia de este contrato y no reclamar exención alguna por concepto de homestead en caso de ejecución de la hipoteca que constituyen por la presente escritura."

En el acto de la subasta, que tuvo efecto el 6 de octubre de 1938, los demandados presentaron al márshal una declaración jurada en reclamación del derecho de homestead que

no obstante la cláusula transcrita, alegaban tener sobre la finca hipotecada. El márshal hizo caso omiso de la reclamación y celebró la subasta adjudicando el inmueble al demandante en pago del crédito. Cinco días después recurrieron los demandados a la corte inferior solicitando la nulidad de la subasta, nulidad que se decretó por resolución de 28 de abril de 1939. En vista de ello, el aquí demandante, que lo es también en el procedimiento ejecutivo, instó en la misma corte un pleito sobre sentencia declaratoria, para obtener la interpretación de la cláusula transcrita, la que, según él, constituye una renuncia expresa al derecho de homestead, válida y efectiva por haberse convenido bajo el imperio de la ley para definir el homestead, de 1903 (Leyes de 1903, pág. 106, Comp. 1000–1005), que autorizaba tales renuncias.

Contra la ameritada demanda interpusieron los demandados las excepciones previas de existir otra acción pendiente entre las mismas partes por la misma causa, y la de no aducir hechos constitutivos de causa de acción. Desestimadas las excepciones previas, contestaron los demandados aceptando los hechos alegados en la demanda, pero interponiendo las siguientes defensas especiales:

"A. Que la cláusula sexta de la escritura número 624 de fecha 17 de diciembre de 1927, transcrita en el hecho 6º. de la demanda, no constituye una expresa y formal renuncia del hogar seguro (homestead) y todo el texto de dicha cláusula se tiene por no puesto.

"B. Que cuando los términos de dicha cláusula se consignaron en la mencionada escritura, los demandados no tenían constituído ningún derecho de hogar seguro (homestead) sobre la casa objeto del procedimiento de ejecución de hipoteca relacionado en los hechos 1, 2, 3 y 4º. de la expresada demanda sobre sentencia declaratoria.

"C. Que con posterioridad·al otorgamiento de la escritura de constitución de dicha hipoteca y antes de entrar en vigor la ley número 87 de mayo 13 de 1936, ya los demandados estaban ocupando con sus familiares y como su hogar seguro la casa objeto de la mencionada hipoteca y así lo hicieron constar y consta y se halla anotado en el Registro de la Propiedad de Caguas."

Oídas las partes, se dictó sentencia sosteniendo los puntos de vista del demandante, es decir, que los demandados no tienen derecho al homestead reclamado, por haberlo renunciado de manera expresa en la escritura de hipoteca, y que esa renuncia es efectiva y válida por haberse hecho al amparo de la legislación anterior.

■ Prescribe el artículo 105 del Código de Enjuiciamiento Civil, en su apartado 3, que el demandado puede excepcionar la demanda cuando de su faz aparezca "que existe otra acción pendiente entre las mismas partes *por la misma causa.*" Existe, sin duda, identidad de partes entre dicho procedimiento ejecutivo y el de sentencia declaratoria objeto de este recurso, pero no existe entre ellos identidad de causas de acción. El primero tiene por objeto el cobro del crédito; el segundo, obtener la interpretación de una cláusula del contrato de hipoteca que haga viable el propósito perseguido en el procedimiento ejecutivo. En otras palabras, el segundo es un medio para lograr los fines del primero. La excepción previa que hemos considerado, es, pues, claramente improcedente, y no erró la corte sentenciadora al denegarla.

■ Consideremos ahora la excepción previa de insuficiencia de hechos para constituir una causa de acción. Al iniciarse la discusión, no debemos perder de vista que nos hallamos ante una demanda interpuesta dentro del procedimiento especial prescrito por la ley sobre sentencias y decretos declaratorios (Leyes de 1931, pág. 379), cuya sección 2 en lo pertinente dice:

"Sección 2.—Toda persona interesada en una escritura...contrato, escrito u otros documentos constitutivos de contrato...podrá obtener la determinación de cualquier divergencia acerca de la intepretación o validez de dichos...contratos...y además que se dicte una declaración de los derechos, estados, u otras relaciones jurídicas que de aqué'los se deriven."

Dentro del procedimiento prescrito por la citada ley, la cuestión litigiosa *(issue)* suscitada por una excepción pre-

via, no es la de si la interpretación propuesta por el demandante es o no correcta. La verdadera cuestión a resolver es si de la faz de la demanda aparece que existe entre las partes una controversia dirimible por un tribunal de justicia *(a justiciable controversy)* de acuerdo con dicha ley.

Surge de la faz de la demanda que el demandante es dueño de un crédito hipotecario sobre una finca de los demandados, y que existe una divergencia entre las partes sobre la interpretación de una cláusula del contrato de hipoteca. Concediendo la citada ley a cualquiera de las partes el derecho a recurrir a un tribunal competente para obtener la determinación de esa controversia, bien sea antes o después de haber sido infringido el contrato (sección 3), claro es que la demanda aduce hechos constitutivos de la acción que se ejercita. Cuál deba ser la correcta interpretación es una cuestión que puede ser de derecho solamente o mixta de hecho y de derecho, a resolverse después de recibir y apreciar la prueba presentada. Tampoco erró la corte inferior al desestimar dicha excepción.

■■ El artículo 3 de la ley para definir el homestead —aprobada el 12 de marzo de 1903—autorizaba la renuncia de ese derecho siempre que dicha renuncia se consignase "expresamente en la escritura de traspaso por el jefe de familia, su esposo o esposa si él o ella lo tuvieren," y ese precepto legal fué interpretado reiteradamente por este tribunal en el sentido de que la renuncia podía consignarse en una escritura de hipoteca. *Pagán* v. *Padín,* 45 D.P.R. 174, 177; *Franceschi* v. *Claudio Elena,* 51 D.P.R. 495, y *Martínez* v. *Registrador,* 53 D.P.R. 622, 624.

Sentada la anterior premisa, réstanos determinar si la cláusula en controversia constituye una renuncia expresa a los efectos de la citada ley. Para que la renuncia de un derecho sea "expresa", no precisa usar las palabras "expresa" o "expresamente"; bastará con que clara y distintamente y sin necesidad de recurrir a inferencias o deducciones, se ponga de manifiesto el firme y decidido propósito

de renunciarlo. La cláusula en controversia expresa clara e inequívocamente ese propósito. Empero, arguyen los demandados apelantes que esà renuncia no es efectiva porque no existiendo en aquella fecha un derecho de homestead a su favor, no podían renunciarlo, toda vez que lo que no existe no es renunciable. A este argumento podríamos replicar que siendo los apelantes dueños de la finca cuando la hipotecaron, podían constituir en ella su homestead, y fué ése el derecho que para lograr el préstamo renunciaron. Con razón sostiene el abogado del apelado que de no haberse consignado esa cláusula en la escritura, con toda probabilidad su cliente no hubiera verificado el préstamo.

Actuó correctamente la corte sentenciadora al interpretar la cláusula en controversia en la forma en que lo hizo.

*Procede, por lo expuesto, desestimar el recurso y confirmar la sentencia apelada.*