CÁNDIDO RIVAS, demandante y apelado, *v.* ANACLETO RENTA y su esposa MONSERRATE GELI, demandados y apelantes.

Núm. 8893.—*Sometido:* Mayo 9, 1944. *Resuelto:* Julio 3, 1944.

---

*Felipe Colón Díaz,* abogado de los apelantes; *Ramón G. Goyco,* abogado del apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Durante los años 1934 y 1935 los demandados contrajeron una deuda ascendente a $575 en cuenta corriente con una firma comercial. Para garantizar el pago de esta deuda, el 14 de enero de 1935, otorgaron una llamada escritura de compraventa por la cual "traspasaron" a dicha firma cierta casa de su propiedad. Esta escritura expresamente disponía que los vendedores "venden, ceden y traspasan" a la firma aquí envuelta "la casa antes descrita y todas sus pertenencias, trasmitiéndole con la posesión el dominio de la misma, así como su derecho de Hogar Seguro sobre la misma . . . ". El mismo día el llamado comprador otorgó un documento por el cual se concedía a los demandados el derecho a readquirir dicha casa dentro de un año por $575. Ambas partes convienen en que la transacción en conjunto era una de garantía, para garantizar el pago de la deuda. Tampoco se discute el hecho de que el alegado comprador no habiendo tomado posesión material de la casa, la escritura en cuestión era en

efecto legal una hipoteca, de conformidad con el artículo 1410 del Código Civil, Ed. 1930.

Mediante una transacción ajena a este caso, el demandante obtuvo de la firma comercial en cuestión la cesión de todos sus derechos, título e intereses en el traspaso—la hipoteca—y la deuda que ésta garantizaba. Habiendo sido infructuosas las gestiones del demandante para cobrar la deuda a los demandados, el demandante radicó demanda y obtuvo sentencia contra los demandados por $575, importe de la deuda en este caso. Esta sentencia no se apeló y es firme. Se ejecutó la sentencia embargando la casa y vendiéndola en pública subasta al demandante.

El presente caso surgió cuando los demandados intentaron ejercitar su alegado derecho de Hogar Seguro de conformidad según dicen con el artículo 5, Ley núm. 87, Leyes de Puerto Rico 1936, la Ley de Hogar Seguro, 1936 ((1) pág. 461), por moción como incidente dentro del pleito en cobro de dinero, en el que se dictó sentencia, como ya se ha dicho, contra los demandados y de la cual no apelaron. Esta es una apelación de la resolución de la corte de distrito declarando sin lugar la moción de los demandados reclamando su derecho de Hogar Seguro.

El demandante establece ciertas contenciones en cuanto a que los demandados no cumplieron con algunos requisitos supuestamente jurisdiccionales de la Ley núm. 87 de 1936. Este caso también es poco usual en cuanto a que el demandante obtuvo en subasta pública el título de la propiedad sobre la cual ya tenía una hipoteca que garantizaba la deuda en cuestión. Pero no tenemos que considerar la cuestión de si debieron haberse cumplido los requisitos jurisdiccionales o si en un caso en cobro de dinero iniciado bajo las circunstancias que aquí concurren pueden reclamarse derechos de Hogar Seguro.

El caso de los demandados cae por una razón más fundamental. El demandante goza ahora de título sobre su propiedad mediante venta en pública subasta; también tiene to-

dos los derechos, título e intereses del cesionario en un traspaso en que los demandados "vendieron" la propiedad para garantizar una deuda. En este último traspaso los demandados, como hemos visto, expresamente renunciaron su derecho de Hogar Seguro. La sección 1 de la Ley núm. 87 de 1936 dispone que "Este derecho de Homestead es irrenunciable; y cualquier pacto en contrario se declara nulo". Pero dicha ley no controla esta trasacción que se llevó a efecto en 1935. Hemos resuelto que las transacciones celebradas con anterioridad al 1936 están controladas por la anterior Ley de Hogar Seguro, bajo la cual podía renunciarse el derecho de Hogar Seguro siempre y cuando que se hiciera expresamente en el documento de traspaso (*Martínez* v. *Registrador*, 53 D.P.R. 622; *Crédito y Ahorro Ponceño* v. *Beveraggi*, 55 D.P.R. 649, 652, 653; *Franceschi* v. *Claudio*, 51 D.P.R. 495, 500, 501) y siempre y cuando que marido y mujer concurran en el documento (*Santoni* v. *Llinás & Cía*, 63 D.P.R. 199; *Crédito y Ahorro Ponceño* v. *Beveraggi*, supra, pág. 656; *Ramírez* v. *Registrador*, 39 D.P.R. 269). Estos dos requisitos se cumplieron en este caso. Resta sólo añadir que bajo la Ley de Hogar Seguro que controla el presente caso podía incluirse tal renuncia, como aquí se hizo, en un documento en el que se constituye una hipoteca sobre la propiedad en cuestión (*Quiñones* v. *Rodríguez*, 58 D.P.R. 217).

*Por las razones aquí expuestas la resolución de la corte de distrito declarando sin lugar la moción de los demandados apelantes reclamando el derecho de Hogar Seguro será confirmada.*