THE SPANISH AMERICAN TOBACCO COMPANY, INC., demandante y apelada, *v.* LUIS A. IZQUIERDO, COMISIONADO DE AGRICULTURA Y COMERCIO, demandado y apelante.

Núm. 9330.—*Sometido:* Noviembre 14, 1946. *Resuelto:* Abril 9, 1947.

Hon. Procurador General Interino Luis Negrón Fernández (E. Campos del Toro, ex Procurador General, en el alegato) y J. Rivera Barreras, Procurador General Auxiliar, abogados del apelante; Rafael Arjona Siaca, abogado de la apelada.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

La demandante es dueña de cierta cantidad de picadura de tabaco que ha sido confiscada por el demandado en su carácter de Comisionado de Agricultura y Comercio, a virtud de la Ley núm. 16 de 1939, Sesión Especial, pág. 45. Existiendo una divergencia acerca de la interpretación del art. 6 de la referida Ley, según fué enmendado por la Ley núm. 89 de 12 de mayo de 1943 (pág. 213), la demandante instó en la corte inferior un procedimiento en solicitud de una sentencia declaratoria que determinara la divergencia entre ella y el demandado acerca del concepto de polvo de tabaco definido en el citado artículo, el cual dice así:

"Por la presente se prohibe la fabricación y la compra y venta en Puerto Rico de cigarros elaborados con polvo de tabaco *y la compra y venta de polvo de tabaco con fines de elaboración de cigarros;* Disponiéndose, que se considerará como polvo de tabaco para los efectos de esta Ley, *todo tabaco, residuo o mezcla de tabaco* cuyas partículas o pedazos pasen por un cedazo de perforaciones de dos (2) milímetros de diámetro; Disponiéndose, además, que en el proceso de la elaboración de cigarros se permitirá o tolerará el uso del polvo de tabaco que produjere el desmenuzamiento involuntario por la acción y efecto de la manipulación, en cantidad que no exceda de dos (2) por ciento del peso de la cantidad sometida al proceso de cernido que establezca el Departamento de Agricultura y Comercio en cumpli-

miento de las disposiciones de esta Ley; Disponiéndose, además, que para los efectos de esta Ley se considerará que es para fines de elaboración de cigarros la existencia de polvo de tabaco que tal como se define en esta Ley, hubiere en cualquier almacén, depósito, establecimiento, oficina o local, para su venta con fines de fabricación de cigarros en Puerto Rico.'' (Bastardillas nuestras.) (Pág. 215.)

Según interpretación de la demandante, el polvo de tabaco, a los efectos de la citada ley, consiste tan sólo de las partículas o pedazos de tabaco que pasen por un cedazo de perforaciones de dos milímetros de diámetro al ser sometido al proceso de cernido establecido por el Departamento de Agricultura y Comercio. El resto de la picadura sometida al proceso, que no pase por el cedazo, no constituye, según la demandante, polvo de tabaco y consecuentemente no está prohibido por la ley.

El demandado, por el contrario, considera polvo de tabaco *a toda picadura* que sometida al referido proceso de cernido, contenga partículas o pedazos de tabaco que pasen por un cedazo con perforaciones de dos milímetros de diámetro, en una proporción mayor del 2 por ciento del peso de la cantidad sometida al proceso de cernido. Para el demandado basta que la picadura contenga pedazos o partículas que pasen por el cedazo en exceso del 2 por ciento del peso de la cantidad sometida al proceso de cernido, para que la totalidad de la picadura, tanto la parte que pasa por el cedazo como la que no pasa, se considere polvo de tabaco cuya posesión está prohibida y sujeta a confiscación por la citada ley.

Sin someterse a la jurisdicción de la corte, el demandado radicó una moción en la que impugnó su jurisdicción sobre la materia y sobre la persona del demandado y atacó la suficiencia de la demanda, alegando que no aduce hechos constitutivos de causa de acción.

Desestimada su moción, el demandado contestó. Alegó que la demandante tenía en su posesión, para la venta, y en

ciertas ocasiones vendió, polvo de tabaco según se define en el referido art. 6, y que lo confiscó actuando de acuerdo con la ley.

La controversia quedó reducida a determinar cuál era la correcta interpretación de la ley. La corte inferior rechazó la que dió el demandado y resumió en su sentencia lo que entiende es la correcta interpretación, a saber:

". . . se DECLARA que la verdadera y correcta interpretación de los términos del art. 6 de la Ley núm. 89 de 1943, es la de que, prohibiéndose como se prohibe el uso en la elaboración de cigarros y la compraventa de polvo de tabaco, que con arreglo a la definición estatutaria lo es todo tabaco, residuo o mezcla del mismo cuyas partículas o pedazos pasen por un cedazo de perforaciones de dos (2) milímetros de diámetro, resulta permisible el uso de todo tabaco que como parte integrante de determinada cantidad o lote cualquiera sometido al proceso de cernido establecido por el Departamento Insular de Agricultura y Comercio en cumplimiento de dicho precepto legal, no pase por tal cedazo, siendo aceptable que el mismo contenga polvo de tabaco en cantidad que no exceda del dos por ciento (2%) del peso de la cantidad total o lote sometido a dicho proceso de cernido; declarándose además, por consiguiente, que la interpretación de la disposición legal de referencia adoptada por el funcionario demandado, es errónea, resultando su actuación en el presente caso, a virtud de la misma, arbitraria e ilegal, siendo de lugar que se devuelva a la demandante el tabaco a ella perteneciente por él confiscádole."

I

El primer error que señala el demandado en apoyo de este recurso de apelación consiste en haberse denegado su moción para que se desestimara la demanda. La falta de jurisdicción alegada por el demandado está predicada en que en el presente caso, aunque el procedimiento ha sido dirigido contra un funcionario público, se trata en realidad de un pleito contra El Pueblo de Puerto Rico y éste no ha sido demandado ni ha prestado su consentimiento para ello. La sentencia que se dicte en este caso, ¿puede afectar a El Pueblo de Puerto Rico? Si no puede afectarle, somos de opinión que se trata de un pleito contra el funcionario público y no contra el soberano.

En el caso de *Valiente & Cía.* v. *Cuevas, Comisionado,* 65 D.P.R. 181, se trataba de la interpretación de un contrato celebrado entre la demandante y el Superintendente de Obras Públicas y aprobado por el Comisionado del Interior, para la construción por la demandante de un puente en una carretera insular. Dijimos entonces:

"Una lectura de la demanda no deja dudas de que el contrato fué celebrado para y en beneficio de El Pueblo de Puerto Rico, y que es éste y no los funcionarios demandados el responsable del pago de la reclamación—si hubiere derecho a ello—si se tratase de un pleito por el procedimiento ordinario. En la demanda expresamente se alega que el contrato fué celebrado por el Superintendente de Obras Públicas Sr. Dávila 'a nombre y en representación de El Pueblo de Puerto Rico', y no creemos que la demandante pretenda, dentro de las alegaciones de su demanda, que son los demandados con su propio peculio los obligados a pagar en todo o en parte el importe de la obra verificada para El Pueblo de Puerto Rico. Siendo ello así, es obvio que se trata de un pleito contra El Pueblo de Puerto Rico, a pesar de que la demanda se presenta contra sus funcionarios. (CITAS)." (Pág. 184.)

Y en el caso de *Terceiro* v. *División de Hogares Seguros,* 53 D.P.R. 598, se trataba de una acción para obligar a los funcionarios públicos demandados al cumplimiento específico de un contrato de compraventa y al pago de daños y perjuicios. Resolvimos allí que se trataba de un pleito contra El Pueblo de Puerto Rico, a pesar de que la demanda fué dirigida contra la División de Hogares Seguros, puesto que la causa de acción procedía de un contrato celebrado con el demandante por funcionarios del Gobierno Insular, actuando en su capacidad oficial a nombre y para beneficio de El Pueblo de Puerto Rico. De obtenerse una sentencia en dicho caso, hubiera tenido que satisfacerla El Pueblo de Puerto Rico, pero como éste no había sido demandado ni mucho menos había prestado su consentimiento para serlo, se desestimó la demanda.

En el presente caso, de las alegaciones de la demanda surge que la sentencia que pueda dictarse en cualquier sen-

tido que fuera, no afecta a El Pueblo de Puerto Rico. Ningún remedio se solicita contra éste. Tan sólo se trata de determinar si la interpretación que ha dado a un estatuto el funcionario encargado por la ley de hacerlo cumplir, es o no correcta. En tales circunstancias, somos de opinión que éste no es un pleito contra El Pueblo de Puerto Rico y consecuentemente no erró la corte inferior al desestimar la defensa de falta de jurisdicción.

▪ ■ Tampoco erró al desestimar la defensa de insuficiencia de hechos para constituir una causa de acción. Bastará repetir aquí lo que dijimos en *Quiñones* v. *Rodríguez*, 58 D.P.R. 217:

"Consideremos ahora la excepción previa de insuficiencia de hechos para constituir una causa de acción. Al iniciarse la discusión, no debemos perder de vista que nos hallamos ante una demanda interpuesta dentro del procedimiento especial prescrito por la ley sobre sentencias y decretos declaratorios (Leyes de 1931, pág. 379),(¹). . . .

"Dentro del procedimiento prescrito por la citada ley, la cuestión litigiosa (*issue*) suscitada por una excepción previa, no es la de si la interpretación propuesta por el demandante es o no correcta. La verdadera cuestión a resolver es si de la faz de la demanda aparece que existe entre las partes una controversia dirimible por un tribunal de justicia (*a justiciable controversy*) de acuerdo con dicha ley.

"Surge de la faz de la demanda que el demandante es dueño de un crédito hipotecario sobre una finca de los demandados, y que existe una divergencia entre las partes sobre la interpretación de una cláusula del contrato de hipoteca. Concediendo la citada ley a cualquiera de las partes el derecho a recurrir a un tribunal competente para obtener la determinación de esa controversia, bien sea antes o después de haber sido infringido el contrato (sección 3), claro es que la demanda aduce hechos constitutivos de la acción que se ejercita. Cuál deba ser la correcta interpretación es una cuestión que puede ser de derecho solamente o mixta de hecho y de derecho, a resolverse después de recibir y apreciar la prueba presentada." (Págs. 220–221.)

(¹)La sección 2 de dicha ley dice:
"(*Facultad de Interpretación*, etc.).—Toda persona . . . cuyos derechos . . . fuesen afectados por un estatuto, . . . podrá obtener la determinación de cualquier divergencia acerca de la interpretación . . . de dichos estatutos, y además que se dicte una declaración de derechos, . . . que de aquéllos se deriven."

## II

■ Pasemos a considerar ahora el caso en sus méritos, o sea, a determinar cuál es la correcta interpretación del art. 6 de la Ley núm. 16 de 1939, según fué enmendado por la núm. 89 de 12 de mayo de 1943. Con arreglo a dicho precepto legal, se entiende por "polvo de tabaco", *todo tabaco, residuo o mezcla de tabaco,* que sometido al proceso de cernido establecido por el Departamento de Agricultura y Comercio, contenga partículas o pedazos que pasen por el cedazo de perforaciones de dos milímetros de diámetro en cantidad que exceda del 2 por ciento del peso de la muestra de tabaco sometida a dicho proceso. A la inversa, si las partículas o pedazos que pasen por el cedazo no exceden del 2 por ciento, esa circunstancia demuestra que el tabaco, residuo o mezcla de tabaco sometido al proceso, reúne las condiciones exigidas por la ley. Si la intención legislativa hubiera sido considerar polvo de tabaco solamente a las partículas o pedazos que pasen por el cedazo, fácil le hubiera sido expresarlo en la siguiente forma: "*Disponiéndose,* que se considerará 'polvo de tabaco, a los efectos de esta ley, *todas las partículas o pedazos* de tabaco, de residuo o de mezcla de tabaco, que pasen por un cedazo de perforaciones de dos (2) milímetros de diámetro." Pero ésa no fué la intención legislativa. Las partículas o pedazos de tabaco que pasen por el cedazo en exceso del referido 2 por ciento, constituyen un mero signo indicador de que el tabaco, residuo o mezcla de tabaco, sometido al proceso es "polvo de tabaco".

Somos de opinión que la interpretación que al art. 6 dió el demandado es la correcta y que al confiscar el lote de tabaco de la demandante por no reunir las condiciones exigidas por la ley, actuó de conformidad con el art. 8 de la misma, según fué enmendado por la Ley núm. 89 de 12 de mayo de 1943.(²)

---

(²)El art. 8 de la Ley en cuestión prescribe:

"El Comisionado de Agricultura y Comercio o los empleados autorizados por éste, quedan por la presente facultados para confiscar . . . *cualquier clase de ta-*

*Procede, por lo expuesto, revocar la sentencia apelada y en su lugar dictar otra de conformidad con los términos de esta opinión.*

El Juez Asociado Sr. Marrero no intervino.

*baco que no reúna las condiciones exigidas por esta Ley, . . . Disponiéndose, que,* el Comisionado de Agricultura y Comercio o las personas por él designadas procederán a destruir los productos así confiscados una vez haya sido declarado el traficante, fabricante, o comerciante, culpable en última instancia de la violación de esta Ley, por un tribunal de jurisdicción competente.'' (Bastardillas nuestras.)